RODMAN, UNITED STATES MARSHAL, *v.* POTHIER.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 546.   Argued March 14, 1924.—Decided April 7, 1924.

Where a person was held for removal under an indictment charging murder on a military reservation under exclusive jurisdiction of the United States, and the existence of such exclusive jurisdiction involved consideration of many facts and seriously controverted questions of law, *held,* that determination of that issue was for the court where the indictment was found and was not open for decision in another district in *habeas corpus.* P. 402.

291 Fed. 311, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court dismissing a writ of *habeas corpus,* and ordered the prisoner discharged.

*Mr. Solicitor General Beck,* with whom *Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, was on the brief, for petitioner.

*Mr. Louis Marshall,* with whom *Mr. Davis G. Arnold* was on the brief, for respondent.

*Mr. Jesse C. Adkins* and *Mr. Frank F. Nesbit,* by leave of Court, filed a brief as *amici curiae.*

*Mr. Louis Marshall,* by leave of Court, filed a brief as *amicus curiae.*

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Respondent Pothier and another were duly indicted—October 13, 1922—for the murder of Alexander P. Cronkhite, on October 25, 1918, " within and on lands theretofore acquired for the exclusive use of the United States, and under the exclusive jurisdiction thereof, and within the Southern Division of the Western District of Washington, to wit, within and on the Camp Lewis Military Reservation." Pothier was arrested in the State of Rhode Island and, after hearings before the Commissioner and the District Court, a warrant for his removal was directed as provided by § 1014, Rev. Stats. By this *habeas corpus* proceeding the validity of the warrant is questioned and respondent's release sought. His contention is that the United States had not acquired exclusive jurisdiction over the place of the crime as alleged by the indictment because they had not then received a deed to the land.

The District Court said and held, 285 Fed. 632—

" The argument of the defense is that by the terms of the statute the passing of the deed is a prerequisite to the exclusive jurisdiction of the United States, and that as the deed postdates the time of the alleged murder the United States did not then have exclusive jurisdiction over the lands conveyed by said deed. But the evidence shows also that before the passage of the deeds, and before the date of the alleged murder, Pierce County, acting as the arm and agent of the State, had acquired by condemnation, and had turned over to the United States military authorities, many tracts of land comprised within the Camp Lewis Military Reservation, which had been selected by a representative of the Secretary of War, and which, when donated to the United States, the Secretary of War had been authorized to accept. Buildings had been erected and the camp permanently occupied before January 29, 1918, and before July, 1918, there were 50,000 men in camp. There is much evidence tending to show that as to a number of the tracts of land comprised in the camp there was, before the date of the alleged crime, a practical consummation of the donation, and that the agents of the county and of the United States had done all that it was necessary to do in order to vest title and exclusive jurisdiction in the United States, save the execution and recording of the deeds whereby the title of the United States should be evidenced. The contention of the United States that the evidence of *de facto* exercise of exclusive jurisdiction is sufficient in itself to show probable cause cannot be disregarded, in view of the *quaere* in *Holt* v. *United States,* 218 U. S. 245, 252: ' The documents referred to are not before us, but they properly were introduced, and so far as we can see justified the finding of the jury, even if the evidence of the *de facto* exercise of exclusive jurisdiction was not enough, or if the United States was called

on to try title in a murder case.' . . . I am of the opinion that the defendant has failed to overcome the *prima facie* case made by the indictment, and that the evidence fails to show the want of probable cause."

The Circuit Court of Appeals, 291 Fed. 311, was " of the opinion that no other conclusion can be drawn from the evidence than that, at the time the crime charged in the indictment was committed, the United States had acquired no title in the land embraced within Camp Lewis Military Reservation; that the sovereignty of the State over the tract had not then been yielded up and was not until the deed, map, etc., were filed in the office of the County Auditor of Pierce County for record, which was not until November 15, 1919, more than a year after the alleged murder. This being so, there is an absolute want of probable cause for the removal of the appellant to answer to the crime charged. *Greene* v. *Henkel,* 183 U. S. 249, 261." It accordingly reversed the judgment of the District Court and directed Pothier's discharge.

We think there was enough to show probable cause and that the judgment of the District Court is correct. Whether the *locus* of the alleged crime was within the exclusive jurisdiction of the United States demands consideration of many facts and seriously controverted questions of law. As heretofore often pointed out, these matters must be determined by the court where the indictment was found. The regular course may not be anticipated by alleging want of jurisdiction and demanding a ruling thereon in a *habeas corpus* proceeding. Barring certain exceptional cases (unlike the present one), this Court "has uniformly held that the hearing on *habeas corpus* is not in the nature of a writ of error nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or

the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court." *Henry* v. *Henkel,* 235 U. S. 219, 229; *Louie* v. *United States,* 254 U. S. 548.

*Reversed.*