**SMITH v. GROSS, U. S. Marshal. ***

**ROBLING v. SAME.**

(Circuit Court of Appeals, Fifth Circuit. November 26, 1924.)

Nos. 4304, 4316.

1. **Habeas corpus** ⊜⇒92(2)—**Probable cause, but not matters of defense, determined in proceedings by petitioners resisting removal to other jurisdictions.**

In habeas corpus proceedings by petitioners resisting extradition, to other states, court may look into the merits to determine whether or not there is probable cause for the prosecution, such as whether or not the accused was at the time of the alleged offense within the prosecuting jurisdiction, but will not go into matters of defense.

2. **Habeas corpus** ⊜⇒92(2) — **Immunity from prosecution not considered as defense.**

In habeas corpus proceedings by petitioners resisting removal to other jurisdictions, court will not consider defense that petitioners, having been compelled to appear as witnesses before Federal Trade Commission, were immune from prosecution, under Rev. St. § 1014 (Comp. St. § 1674).

3. **Habeas corpus** ⊜⇒4—**Function of habeas corpus proceeding stated.**

Habeas corpus cannot be made to take the place of a writ of error or remedy by appeal, but its function is to ascertain if prisoner is held under lawful process. based on a charge supported by probable cause.

Appeal from the District Court of the United States for the Dallas Division of the Northern District of Texas; William H. Atwell, Judge.

Application for writs of habeas corpus by T. Frank Smith and by L. J. Robling against Sam L. Gross, United States Marshal for Northern District of Texas. Judgment for defendant, and petitioners appeal. Affirmed.

Joseph Manson McCormick, of Dallas, Tex. (Francis Marion Etheridge and Henri Louie Bromberg, both of Dallas, Tex., on the brief), for appellants.

Henry Sweifel, U. S. Atty., of Fort Worth, Tex. (Mack Taylor, Sp. Asst. U. S. Atty., and Shelby S. Faulkner, Asst. U. S. Atty., all of Fort Worth, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Counsel for the government petitioned the court below for an order to remove T. Frank Smith and L. J. Robling to the District of Columbia for trial, alleging that they were, at the time, being held in the state of Texas under fugitive warrants to respond to indictments pending in the Supreme Court of said District of Columbia, in which they were charged with obtaining money by false pretenses in the sale of certain oil stocks. Thereupon Smith and Robling appeared and resisted the order for removal, upon the ground that they had been compelled to appear as witnesses and to produce documentary evidence before the Federal Trade Commission, prior to the finding of said indictments, and were therefore immune from prosecution under the law creating said commission. The lower court overruled this contention and ordered them removed.

Accused then sued out writs of habeas corpus, alleging substantially the same defense; that is, that "it manifestly appears that he has been granted amnesty and immunity, which is a complete defense to said indictment by statute in such case made and provided." Relief was likewise denied in that proceeding and the accused have appealed to this court.

There are no written reasons for the judgment below in the record. The appellants take the position that the defense set up, if established, shows a want of probable cause, for the reason that, under section 1014 of the Revised Statutes (Comp. St. § 1674), they could not be prosecuted or convicted, if returned, and that it would put them and the government to useless and unnecessary expense to require their removal. Counsel for the government, on the other hand, asserts that it is a matter of defense, which the court having jurisdiction of the offense alone has the right to try.

[1, 2] We think the law sustains the government's contention. While it is true that the court in this kind of cases, as well as those of intrastate extradition, has the right to look sufficiently into the merits to determine whether or not there is probable cause for the prosecution, such as whether or not the accused was at the time of the alleged offense within the prosecuting jurisdiction, etc., yet it will not go into matters of defense, such as pleas in bar based upon limitations, abatement, etc. 12 R. C. L. p. 1244, verbo "Habeas Corpus," § 61, and authorities and footnote. In the case of Haas v. Henkel, U. S. Marshal, 216 U. S. 481, 30 S. Ct. 254, 54 L. Ed. 569, 17 Ann. Cas. 1112, in passing upon a somewhat similar question in a removal case, the Supreme Court said:

"The exclusion of the evidence taken in Price v. United States [(C. C.) 163 F. 904], and offered in this case upon the petition for writ of habeas corpus in the Circuit Court, touching the history of the finding of indictment No. 26088, is not a matter which is proper for review on such an appeal as this. So, also, the defense of the statute of limitations. The one defense is matter in

*Petition for certiorari dismissed 45 S. Ct. 355, 69 L. Ed. ——.

abatement and the other of substantive defense, and both are properly matters for the determination of the court into which the indictments were returned and where the case will be tried."

Even granting that the facts are not denied, and that the accused were compelled to appear and testify, unless this were pleaded in bar of the prosecution in the District of Columbia, and proof made of the fact, there would be nothing to prevent their conviction on the trial there, and certainly they could not be heard to urge the matter on habeas corpus thereafter. Why? For the reason that that court would have had full jurisdiction of the case, including such matters of defense, and, not having been urged timely, the judgment would be conclusive upon all matters which could or should have been pleaded at the trial.

A kindred question was also determined in the case of Ex parte Bigelow, 113 U. S. 330, 5 S. Ct. 542, 28 L. Ed. 1005. There, the accused was charged in several indictments with different offenses. It was first determined to consolidate and try them all before one jury, but, after the jury was impaneled and counsel had made their opening statements, that course was abandoned. The accused was tried upon a single bill, convicted, and sentenced to several years in the penitentiary. On appeal to the Supreme Court of the District of Columbia in general term, this ruling was affirmed. The statute gave the latter decision finality, without the right of review by the Supreme Court of the United States. The accused then applied to the United States Supreme Court for a writ of habeas corpus, upon the ground that the proceeding was in violation of his constitutional rights, in that he had been twice put in jeopardy for the same offense. In denying the relief the Supreme Court used this language:

"But that court had jurisdiction of the offense described in the indictment on which the prisoner was tried. It had jurisdiction of the prisoner, who was properly brought before the court. It had jurisdiction to hear the charge and the evidence against the prisoner. It had jurisdiction to hear and to decide upon the defenses offered by him. The matter now presented was one of those defenses. Whether it was a sufficient defense was a matter of law, on which that court must pass so far as it was purely a question of law, and on which the jury, under the instructions of the court, must pass if we can suppose any of the facts were such as required submission to the jury. If the question had been one of former acquittal—

a much stronger case than this—the court would have had jurisdiction to decide upon the record whether there had been a former acquittal for the same offense, and if the identity of the offense were in dispute, it might be necessary on such a plea to submit that question to the jury on the issue raised by the plea. The same principle would apply to a plea of a former conviction. Clearly in these cases the court not only has jurisdiction to try and decide the question raised, but it is its imperative duty to do so. If the court makes a mistake on such trial, it is error which may be corrected by the usual modes of correcting such errors, but that the court had jurisdiction to decide upon the matter raised by the plea both as matter of law and of fact cannot be doubted."

In a more recent case, Biddinger v. Commissioner of Police, 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193, the accused was charged with violating the law in the state of Illinois, and was sought to be extradited from the state of New York. On application for writ of habeas corpus in the United States District Court, he sought to introduce evidence to the effect that he had been within the prosecuting jurisdiction of the state of Illinois since the alleged commission of the offense a sufficient length of time for the statute of limitations to have run, and that therefore it would be useless to take him back for trial, inasmuch as he would promptly plead this in bar of the prosecution and would have to be discharged. The trial court excluded this evidence, and upon appeal to the Supreme Court this ruling was sustained, and, in passing upon the matter, that court made this rather strong declaration:

"This much, however, the decisions of this court make clear: That the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding state. The statute of limitations is a defense, and must be asserted on the trial by the defendant in criminal cases. United States v. Cook, 17 Wall. 168. And the form of the statute in Illinois, which the appellant seeks to rely

upon, makes it especially necessary that the claimed defense of it should be heard and decided by the courts of that state. Pierce v. Creecy, 210 U. S. 387; Charlton v. Kelly, 229 U. S. 447; Drew v. Thaw, 235 U. S. 432; Reed v. United States, 224 F. 378; Depoilly v. Palmer, 28 App. D. C. 324."

Then again in the case of William R. Rodman, U. S. Marshal, v. Roland R. Pothier (No. 546) 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759, filed April 7, 1924, the defendant in a proceeding to remove had raised the question of jurisdiction in the federal court, where a charge had been preferred, based upon the proposition that the alleged federal reservation upon which the crime was committed did not vest in the United States, so as to give its courts jurisdiction of crimes committed thereon. The evidence was to some extent conflicting, but of such a nature that both the District Court and Circuit Court of Appeals found that jurisdiction was lacking. However, in reversing this decision, the Supreme Court said:

"We think there was enough to show probable cause and that the judgment of the District Court is correct. Whether the locus of the alleged crime was within the exclusive jurisdiction of the United States demands consideration of many facts and seriously controverted questions of law. As heretofore often pointed out, these matters must be determined by the court where the indictment was found. The regular course may not be anticipated by alleging want of jurisdiction and demanding a ruling thereon in a habeas corpus proceeding. Barring certain exceptional cases (unlike the present one), this court 'has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court.' Henry v. Henkel, 235 U. S. 219, 229; Louie v. United States, 254 U. S. 548. Reversed."

[3] Our conclusion, therefore, is that in the present case, conceding that the accused have been compelled to appear and testify before the Federal Trade Commission, this cannot be raised in a proceeding for habeas corpus, but must be urged as a matter of defense before the court wherein the indictment is pending. As has been repeatedly held, habeas corpus cannot be made to take the place of a writ of error or remedy by appeal. Its function anciently and in modern times has been to ascertain if the prisoner were held under lawful process, based upon a charge supported by probable cause.

For the reasons assigned, the judgment below is affirmed.