## FITZGERALD v. UNITED STATES.*

(Circuit Court of Appeals, First Circuit. May 27, 1925.)

### No. 1843.

1. Criminal law ⬥⟿242(5)—Indictment in removal proceedings is evidence on which finding of probable cause may be based.

In removal proceedings, indictment adequately charging offense committed within jurisdiction of court to which removal is sought is evidence on which finding of probable cause may be based.

2. Criminal law ⬥⟿242(4)—Indictment for violation of Sherman Anti-Trust Act and Clayton Act held sufficient in proceedings for removal for trial of individual defendant.

Indictment charging 50 corporations and a like number of individuals with illegal combination in restraint of trade, in violation of Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), and Clayton Act, § 14 (Comp. St. § 8835m), held sufficient to warrant removal of individual defendant for trial.

Appeal from the District Court of the United States for the District of New Hampshire; George F. Morris, Judge.

Petition by E. J. Fitzgerald for writ of habeas corpus, to be directed to United States Marshal for District of New Hampshire. From an order denying the writ, petitioner appeals. Affirmed.

Frank E. Harkness, of Chicago, Ill. (Herbert Pope, of Chicago, Ill., Stanton Owen, of Laconia, N. H., and Donald M. Hill, of Boston, Mass., on the brief), for appellant.

Raymond U. Smith, of Concord, N. H., for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. On March 27, 1924, appellant, D. J. Fitzgerald, together with some 50 corporations and a like number of individuals, was indicted in the federal District Court for the Eastern Division of the Northern District of Ohio, charged with having engaged in an illegal combination in restraint of trade in interstate commerce in malleable castings.

In December, 1924, the appellant was arrested in the district of New Hampshire for removal to the Northern district of Ohio. He was brought before an examining magistrate for hearing on December 23, 1924. At this hearing his identity was admitted. The only evidence introduced on behalf of the United States was a certified copy of the indictment. No evidence was offered by the appellant. The magistrate ordered him held pending application for removal. Ap-

*Certiorari denied 46 S. Ct. 26, 69 L. Ed. ——.

plication for removal having been made, the District Judge, after a hearing, on February 2, 1925, ordered Fitzgerald to be removed for trial. Thereafter, on the same day, the appellant petitioned for a writ of habeas corpus directed to the United States marshal for the district, and the marshal forthwith made his return setting out that he held the appellant by virtue of a warrant for his removal to the Northern district of Ohio.

A hearing was had on the petition before the District Judge and an order was entered that the writ be discharged and that Fitzgerald be remanded to the custody of the marshal. It is from this order that the present appeal is prosecuted.

[1] The appellant's contention below was and here is that the indictment was insufficient as evidence of probable cause—in other words, that the indictment did not state facts warranting a finding of probable cause to believe the appellant guilty of a violation of the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), triable in the Northern district of Ohio. It is conceded that an indictment which adequately charges an offense committed within the jurisdiction of the court to which removal is sought is evidence upon which a finding of probable cause may be based. But the contention here is that the indictment does not state facts charging a crime against the United States under the Sherman Anti-Trust Act and that the offense was committed within the jurisdiction of the court to which removal is sought.

The allegations of the indictment were carefully considered by the court below, and have also been passed upon in a like proceeding by Judge McKeehan in the Eastern District of Pennsylvania. U. S. ex rel. McGrath v. Mathues, 6 F.(2d) 149. Judge McKeehan was of the opinion (1) that the indictment charged a specific illegal combination in restraint of trade; (2) that, while it did not in words charge that the restraint of trade was undue or unreasonable, the allegations were such as to charge in substance and effect that the restraint in trade effected by the illegal combination was unreasonable; and (3) that the facts alleged in the indictment, taken in connection with Act Oct. 15, 1914, § 14 (Comp. St. § 8835m), known as the Clayton Act, charged the individual defendants, as well as the defendant corporations, with participation in the alleged combination. He was, however, of the opinion that the facts stated in the indictment, bearing upon the juris-

diction of the District Court for the Northern District of Ohio, were not clear and convincing, but were of a doubtful and disputable nature, and, on the whole, apparently considered the facts alleged in the indictment bearing upon the crime charged as also of a doubtful and disputable nature, but held that, even though they were of that nature, it was his duty to order a removal, having regard to the rule that the determination of doubtful issues of law and fact in a proceeding of this kind are for the trial court to which removal is sought; that, unless the facts averred in the indictment, taken as true, obviously and palpably failed to establish that an offense against the United States was charged, or that the court to which removal was sought had jurisdiction, or that there was probable cause to believe that the defendant had committed the offense of which he was charged, it was the duty of the court to order removal.

Judge Morris, who heard this case in the court below, was of the opinion that the facts alleged in the indictment satisfactorily showed that Fitzgerald had been in fact charged with a crime against the United States committed within the district to which removal was sought.

[2] Without attempting here to review the specific allegations of the indictment, we regard it sufficient to say that we agree with the conclusions reached by the court below as to these matters. The most that can be contended with reference to the facts alleged in the indictment is, as pointed out by Judge McKeehan, that they present close and perhaps doubtful questions as to the adequacy of the facts charging the defendant with crime and the place of its commitment.

But, conceding this to be true, the court below did not err in discharging the writ and remanding the appellant to the marshal for removal. This court in Pothier v. Rodman, 291 F. 311, was of the opinion that no other conclusion could be drawn from the evidence in that case than that, at the time the crime charged in the indictment was committed, the United States had not acquired title to the land embraced within the Camp Lewis Military Reservation, and did not have exclusive jurisdiction over the same, so that, if a crime was committed there, it would be an offense against the United States, and that there was an absolute want of probable cause for the removal of the appellant to the Southern division of the Western district of Washington to answer to the crime charged. But the Supreme Court, reviewing the decision of this court,

in Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759, was of the opinion that, inasmuch as the question of the exclusive jurisdiction of the United States over the military reservation involved the consideration of many facts and controverted questions of law, their determination was for the court where the indictment was found, and were not open to decision on habeas corpus, and reversed our order discharging the prisoner.

In that case a statute of the state of Washington defined when the sovereignty of the state over the land purchased for the military reservation was to be yielded up, and it was conceded that the time fixed by the statute had not arrived, and did not arrive until a year after the crime charged was committed. But still the Supreme Court held that we were wrong in holding that no other conclusion could be reached on the question of jurisdiction, and that we should have ordered the prisoner remanded to the marshal for removal. If that was our duty in that case, it is manifestly our duty in this case; and it is so ordered.

The decree of the District Court is affirmed.