## MEEHAN v. UNITED STATES.

### HOWELL v. SAME.

(Circuit Court of Appeals, Sixth Circuit. March 16, 1926.)

Nos. 4460 and 4573.

1. **Criminal law ⬲242(4)—Indictment charging violation of Sherman Act and supporting facts held sufficient in removal proceedings (Sherman Anti-Trust Act [Comp. St. §§ 8820–8823, 8827–8830]).**

Indictment in terms charging violation of Sherman Act and setting out facts deemed to support charge *held* sufficient in removal proceedings; whether such facts constituted unreasonable restraint of trade being for courts of trial jurisdiction.

2. **Habeas corpus ⬲113(12)—Reviewing powers of court, on appeal in habeas corpus proceedings from order of remand for removal to another district for trial, are not affected by fact that court may be called on to review trial.**

Reviewing powers of court, on appeal in habeas corpus proceedings from order of remand for removal to another district for trial, are not affected by fact that court may later be called on to review trial.

3. **Criminal law ⬲242(7)—Removal from district for trial should be denied, where there is affirmative proof of innocence, challenged only by indictment, and made, if conclusion of no probable cause is put in substantial doubt by other proofs than indictment.**

Where there is affirmative proof, unchallenged, except by indictment, demonstrating lack of guilt, removal to another district for trial should be denied; but, if conclusion of no probable· cause is put in *substantial doubt* by proofs in addition to indictment, removal should be made.

4. **Criminal law ⬲242(7)—Letter written by manager of corporation to association of which it was member held to establish probable cause, justifying his removal to another district for trial on charge of violating Anti-Trust Law (Sherman Anti-Trust Act [Comp. St. §§ 8820–8823, 8827–8830]).**

Letter written by manager of corporation to association, of which it was member, *held* to establish probable cause, justifying his removal to another district for trial under indictment for violating Sherman Anti-Trust Law, though written over three years before indictment, in absence of evidence that methods indicated thereby were abandoned.

**5. Criminal law ⚖⇒242(4)—Indictment for violating Anti-Trust Law held to sufficiently implicate individual defendant, so as to warrant his removal to trial jurisdiction (Clayton Act, § 14 [Comp. St. § 8835m]).**

Indictment for violating Anti-Trust Law, stating that named corporations "have had divers officers and agents * * * actively engaged in the management, direction, and control of their affairs," giving names of such officers, including individual defendant, and alleging that under such management corporations had conducted their businesses unlawfully, *held* sufficient, under general principles and Clayton Act, § 14 (Comp. St. § 8835m), to implicate individual defendant, so as to warrant his removal to trial jurisdiction.

In No. 4460:

Appeal from the District Court of the United States, for the Eastern District of Tennessee; Xenophon Hicks, Judge.

In No. 4573:

Appeal from the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

Habeas corpus proceedings by G. F. Meehan and by E. C. Howell against the United States. From orders remanding petitioners for execution of order of removal to another district for trial, they appeal. Orders affirmed.

In No. 4460:

Charles Evans Hughes, of New York City (M. M. Allison and Wm. L. Frierson, both of Chattanooga, Tenn., and Herbert Pope and Frank E. Harkness, both of Chicago, Ill., on the brief), for appellant.

William J. Donovan, Asst. Atty. Gen. (Russell Hardy and Clifford H. Byrnes, Sp. Asst. Attys. Gen., on the brief), for the United States.

In No. 4573:.

Charles Evans Hughes, of New York City (Herbert Pope and Frank E. Harkness, both of Chicago, Ill., and Don B. Sharpe, of Kalamazoo, Mich., on the brief), for appellant.

William J. Donovan, Asst. Atty. Gen. (Russell Hardy and Clifford H. Byrnes, Sp. Asst. Attys. Gen., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. These two appeals present substantially the same question and were heard together. In the Northern District of Ohio, at Cleveland, an indictment was returned charging violation of the Anti-Trust Law (Comp. St. §§ 8820–8823, 8827–8830 and 8835m). The defendants were the American Malleable Castings Association, many firms or corporations said to be members of the association, and many individuals said to be the active managers of the corporations. One of these individuals, Meehan, whose home and whose corporation's place of business were in Chattanooga, Tenn., was arrested for the purpose of removal, was taken before a commissioner for the purpose, a hearing was had, and the commissioner refused an order of removal. Thereupon he was taken before the District Judge, who again heard the application for removal made by the government and granted it. Upon habeas corpus proceedings before the same judge, the order of removal was held proper and Meehan was remanded for that purpose. His appeal from this order is No. 4460. No. 4573 is the appeal of Howell, coming from the Western district of Michigan. He was another defendant in the same indictment, was also ordered removed to Cleveland, and, upon his habeas corpus petition, was remanded, so that the warrant of removal might be executed.

Upon the removal proceedings before the judge in the Meehan Case, it was first objected that the order of the commissioner denying removal constituted an adjudication. This contention being overruled, the government offered a certified copy of the indictment, and also documents which it was said would constitute part of its proofs upon the trial. These included the Rules of the Association, its membership list, and certain letters said to have been exchanged with members in furtherance of the unlawful purpose of the association. One of these letters was from Meehan's corporation and was signed by him. Thereupon Meehan testified, admitting his identity with the defendant named in the indictment, and admitting the existence of the association, his corporation's membership in it, and his managerial relation to the corporation. He and other witnesses called for him described in detail the history of the relation between his corporation and the association, and what had been done by the corporation in connection with its membership. The testimony was presented as a complete denial of any act by or for the corporation in connection with its membership, or by Meehan, which would be in violation of the Anti-Trust Law. At the end of the hearing, the government claimed that probable cause appeared, not only from the indictment, but also from the proof, while Meehan claimed that the initial effect of the indictment, as justifying removal, was conclusively destroyed.

[1, 2] In this court the sufficiency of the indictment is attacked, and, on the other hand, it is said that the indictment must be judged, not as a criminal pleading, but as a piece of

evidence. Considering it as a criminal pleading, and without doubting that an indictment may so completely fail to charge an offense, "however inartificially," that it cannot be "evidence tending to establish" anything, and could not support a removal order, it is enough to say that this indictment is not subject to that measure of condemnation. It charges in terms a violation of the Sherman Act (Comp. St. §§ 8820–8823, 8827–8830), and then sets out facts which the pleader plainly intended to constitute the necessary support for the charge. Whether these facts were sufficient to carry the case over the sometimes doubtful line between reasonable and unreasonable restraint of trade was not a question to be decided in the removal proceedings (Pierce v. Creecy, 28 S. Ct. 714, 210 U. S. 387, 401, 402, 52 L. Ed. 1113; Henry v. Henkel, 35 S. Ct. 54, 235 U. S. 219, 229, 59 L. Ed. 203; Morse v. U. S., 45 S. Ct. 209, 267 U. S. 80, 83, 69 L. Ed. 522), but is for the courts of the trial jurisdiction; and the reviewing powers of this court in this proceeding are not affected by the fact that it may later be called upon to review the trial at Cleveland.

[3] When we come to the function of the indictment as evidence, we find some confusion in the cases, or at least in the thoughts expressed. If it were taken as prima facie evidence of guilt, in the largest sense of the term "prima facie," logical difficulties would arise, because then it would continue of full force; and at the end of every removal proceeding there would be a conflict of evidence, which that tribunal could not try. The cases usually speak of it as prima facie evidence, not of guilt, but of the existence of probable cause. This is perhaps another way of saying that it raises an initial presumption, which might as well be arbitrary as evidential, which continues until it is in some vital particular overcome by entirely convincing testimony. Wherever there is affirmative proof, unchallenged except by the indictment, demonstrating lack of guilt, removal should be denied; if the conclusion of no probable cause is put in any substantial doubt by proofs in addition to the indictment, the removal should be made. These we take to be the applicable principles as expressed in the late cases. Haas v. Henkel, 30 S. Ct. 249, 216 U. S. 462, 54 L. Ed. 569, 17 Ann. Cas. 1112; Price v. Henkel, 30 S. Ct. 257, 216 U. S. 488, 54 L. Ed. 581; Beavers v. Henkel, 24 S. Ct. 605, 194 U. S. 73, 85, 48 L. Ed. 882; Morse v. U. S., 45 S. Ct. 209, 267 U. S. 80, 69 L. Ed. 522.

11 F.(2d)—54

[4] It follows, we think, as applied to this kind of case, that, whenever guilt lies in the unlawful use of those association facilities which may be used rightly or wrongly, and any particular defendant by credible testimony disputes any connection whatever by him with any unlawful activities of such an ambiguous association, the government should make some proof of his guilty activities. Hence, in this case, the letters between the association and members in Pittsburgh and other places, which (it is said) reveal the employment of unlawful plans and methods, have no necessary tendency to show that Meehan and his company in Chattanooga participated in anything forbidden. There remains, however, in this case, a letter written by Meehan to the association in 1919. The true interpretation of the letter, and of the explanation which Meehan gives, will be for the tribunal which tries the case. We cannot now say that there would be error of law upon that trial, if the letter in connection with the (perhaps) deficient explanation which Meehan gives, were taken by the jury, in connection with proof of the general character of the association, as the basis of an inference that he and his company were then using the association structure for unlawful purposes. So we find here what may rightly be thought probable cause for bringing Meehan and his company to trial.

We do not overlook that this letter was written more than three years before the indictment. In some situations that would be the end of it; but the subject-matter here involved is the manner of employing methods of business and facilities of doubtful legality. Meehan and his company continued to belong to the association up to the date of the indictment; there is no evidence that they revised their methods or underwent any change of spirit. Meehan's testimony regarding the letter is rather a denial of certain possible meanings than a claim that it was an instance of methods now abandoned. Upon the whole, we cannot say that there was no probable cause for believing that the methods indicated by the letter continued up to a time within the statute of limitations. The order in 4460 must be affirmed.

[5] In 4573 no evidence was presented for Howell; the appeal raises only the sufficiency of the indictment, and with one exception the case is covered by what has been said. It is insisted that Howell is not specifically implicated, and hence that no offense is charged against him. The indictment, after having named the corporations, said that "said corporations * * * respectively

have had divers officers and agents who have been actively engaged in the management, direction and control of their affairs and business," and that "such officers and agents" are named in the following list, showing with which corporation they have been affiliated. In this list the name of Howell is given in affiliation with one of the corporate defendants. The indictment then charges that the corporate defendants, "under said management, direction, and control," have carried on their business in the unlawful way. Distributing these allegations, there is a distinct charge that the corporate defendant, in its unlawful acts, has been under the management, direction, and control of Howell, and that its elimination of competition by agreement and its allotment of exclusive customers, have been done under Howell's direction. This seems to us sufficient, either under the general principles involved or under section 14 of the Clayton Act (Comp. St. § 8835m). The sufficiency of the indictment upon this point of personal participation by Howell is not destroyed by the evidence offered by the government in support of the removal petition, from which it appeared that he was represented on the membership list to be "assistant manager" of his corporation, while the company had some one else as president, and some one else as general manager. These nominal titles do not necessarily indicate the scope of the activities of the officers or agents in such a way as to neutralize the distinct charge of the indictment.

The order in 4573 will also be affirmed.[1]

1 Former reported opinions in removals growing out of this same indictment are: U. S. v. Mathues (D. C.) 6 F.(2d) 149; Fitzgerald v. U. S. (C. C. A.) 6 F.(2d) 156; U. S. v. Moore (D. C.) 7 F.(2d) 734. See, also, U. S. v. Gault, 46 S. Ct. 459, 70 L. Ed. —— (May 3, 1926).

