BURTON et al. v. SMITHERS, United States Marshal.

Circuit Court of Appeals, Fourth Circuit. April 9, 1929.

No. 2809.

Robert H. Talley, of Richmond, Va., for appellants.

Paul W. Kear, U. S. Atty., of Norfolk, Va. (Alvah H. Martin, Asst. U. S. Atty., of Norfolk, Va., on the brief), for appellee.

Before PARKER, Circuit Judge, and McDOWELL and SOPER, District Judges.

SOPER, District Judge. This case came before the District Court upon the petition of W. C. Burton and P. G. Seward for writ of habeas corpus, directed to the United States marshal for the Eastern district of Virginia. The petitioners had been indicted in the District Court of the United States for the Northern District of Oklahoma for con-spiracy to commit an offense against the United States. Proceedings for the removal of the petitioners to the Northern district of Oklahoma for trial had been instituted, and they had been committed to the custody of the marshal. They prayed to be discharged, alleging that the indictment was defective, and that they had not entered into an unlawful conspiracy.

The indictment charges specifically that the petitioners and others, operating under the name of Federal Laboratories, Inc., a Virginia corporation, unlawfully conspired with one Roy D. Brumelle and other persons, willfully and unlawfully to carry into, have carried into, and be interested in the carrying into the city of Sand Springs, Tulsa county, state of Oklahoma, Northern district of Oklahoma, from the city of Richmond, state of Virginia, certain intoxicating liquor, to wit, 4½ gallons imitation pear extract and 4½ gallons imitation peach extract, preparations which contained more than one-half of 1 per cent. of alcohol by volume, and were fit for use as beverages. It is further alleged that the place into which the liquor was to be carried had been within the limits of the Indian Territory and a part thereof prior to the admission of the state of Oklahoma into the Union. The overt act charged is that the defendants, in order to carry the conspiracy into effect, unlawfully and knowingly carried, caused to be carried, and were interested in carrying the said liquors from Virginia to Oklahoma.

It is contended that this indictment is founded upon section 2139 of the Revised Statutes, as amended (section 241 of title 25, U. S. C. [25 USCA § 241]), called the Indian Country Act, which makes it a criminal offense to introduce, under any pretense, into the Indian country, intoxicating liquor of any kind, and that the indictment is faulty because it does not allege that the place to which the defendants intended to carry the liquor is Indian country. There is, however, a further statutory provision contained in the Act of March 1, 1895, 28 Stat. 693, 697, c. 145, § 8, 25 USCA § 241a, which makes it a criminal offense for any person to carry, or in any manner have carried, or to be interested in carrying, into the Indian Territory, intoxicating liquors or drinks. It would seem that the pleader intended to base the indictment upon the latter statute. See Ex parte Webb, 225 U. S. 668, 671, 32 S. Ct. 769, 56 L. Ed. 1248.

The District Judge was of the opinion that, in any event, the indictment sufficiently

charges a conspiracy to violate the National Prohibition Act of October 28, 1919, c. 85, tit. 2, § 3, 41 Stat. 308, U. S. Code, tit. 27, § 12 (27 USCA § 12), which provides, amongst other things, that no person shall transport any intoxicating liquor, except as authorized in chapter 2 of the act. The petitioners claim that the offense condemned by this section is transporting intoxicating liquor, not carrying it. They say that the appropriate section of the National Prohibition Act is section 13 of title 27 (27 USCA § 13), which exempts certain articles from the provisions of chapter 2, including flavoring extracts and syrups that are unfit for use as a beverage or for intoxicating beverage purposes. That section makes it a criminal offense for any person knowingly to sell any of the articles mentioned therein for beverage purposes, or any extract or syrup for intoxicating beverage purposes.

It is contended that the indictment does not charge a conspiracy under this section, because it is not alleged that the defendants intended knowingly to sell flavoring extracts for beverage purposes, but merely to carry them into the Northern district of Oklahoma. But the indictment manifestly is not and cannot be based upon section 13 of title 27, for it is expressly declared that the intoxicating liquors to be carried, unlike those described in that section, were fit for use as beverages. It is quite obvious that the indictment is attacked on purely technical grounds. The attitude of this court with regard to such objections to an indictment is clearly set out in Martin v. United States, 299 F. 287. Nor is it incumbent upon the District Court, or this court on appeal, in considering the propriety of removal proceedings, to determine whether an indictment is technically correct. It is settled by numerous decisions of the Supreme Court that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Disputed matters of law, such as the technical sufficiency of the indictment, are for the determination of the trial court. Rodman v. Pothier, 264 U. S. 399, 402, 44 S. Ct. 360 (68 L. Ed. 759); Benson v. Henkel, 198 U. S. 1, 10, 25 S. Ct. 569 (49 L. Ed. 919).

▮▮ The petitioners also claim that they should be discharged because the only testimony offered to the District Court was that of W. C. Burton, one of the petitioners. He admitted that he was a director of the Federal Laboratories Corporation, which shipped to Oklahoma the extracts named in the indictment, upon telegraphic orders received from the Brumelle Drug Company of that state, but denied that the petitioners had ever been in Oklahoma or had formed a conspiracy with any one to commit an offense against the United States. He said that they had not transported or sold any extracts for beverage purposes, but only for household or culinary purposes, and that Seward, one of the petitioners, took no active part in the business of the corporation and did not know of the shipment in question. The government introduced no evidence, but relied upon the established rule that an indictment found by the proper grand jury should be accepted everywhere through the United States as at least prima facie evidence of the existence of probable cause. Beavers v. Henkel, 194 U. S. 73, 84, 85, 24 S. Ct. 605 (48 L. Ed. 882). Burton's testimony was insufficient to overcome this presumption. There may be constructive presence in a state distinct from personal presence by which a crime may be consummated, and where it is committed it may be tried. In conspiracy, overt acts give jurisdiction for trial. Hyde v. U. S., 225 U. S. 347, 362, 367, 32 S. Ct. 793 (56 L. Ed. 1114, Ann. Cas. 1914A, 614).

▮▮ The function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial and not to determine whether the evidence is sufficient to justify a conviction. It is said in Collins v. Loisel, 259 U. S. 309, 316, 42 S. Ct. 469, 472 (66 L. Ed. 956): "The distinction between evidence properly admitted in behalf of the defendant and that improperly admitted is drawn in Charlton v. Kelly, 229 U. S. 447, 461, 33 S. Ct. 945 (57 L. Ed. 1274, 46 L. R. A. [N. S.] 397), between evidence rebutting probable cause and evidence in defense. The court there said: 'To have witnesses produced to contradict the testimony for the prosecution is obviously a very different thing from hearing witnesses for the purpose of explaining matters referred to by the witnesses for the government.'" The evidence in the case at bar, in a measure, supports the charge, for it shows that certain liquors were transported from Virginia into the district of Oklahoma by the corporation with which the petitioners are connected. On the other hand, the evidence in a measure controverts the indictment for it tends to show that the liquors transported were lawful, and that the defendants did not violate the law; but clearly these are matters of defense which may not be considered on the question of

probable cause. See United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875.

The order of the District Court, discharging the writ of habeas corpus, is affirmed.

Affirmed.