**UNITED STATES ex rel. POVLIN v. HECHT, United States Marshal.**

**No. 327.**

Circuit Court of Appeals, Second Circuit.
April 6, 1931.

Samuel Falk and Ilo Orleans, both of New York City, for relator-appellant.

George Z. Medalie, U. S. Atty., of New York City (Thomas J. Todarelli, Asst. U. S. Atty., of New York City, of counsel), for respondent-appellee.

Before L. HAND, SWAN, and AUGUS-TUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The indictment, which was filed at the April, 1928, term of the District Court of the United States for the Western Division of the Eastern District of Arkansas, charges "Shepherd S. Polvin" with violation of the Mann Act (36 Stat. 825 [18 USCA §§ 397–404]), in that on June 15, 1927, he transported a woman named Lucille from Arkansas to Illinois for an immoral purpose forbidden by the statute. Upon this indictment removal proceedings under the statute (18 USCA § 591) were instituted in December, 1929, in the Southern district of New York, where appellant resided. At the hearing before the United States commissioner, the government offered in evidence the indictment, over the objection of appellant, and then proved the identity of appellant with the defendant in the indictment by the testimony of Mrs. Hess, a sister of the woman named therein, who had appeared before the grand jury. Since identity was clearly established, appellant's contention that it was error to receive the indictment in evidence is without merit. United States ex rel. Mouquin v. Hecht, 22 F.(2d) 264 (C. C. A. 2).

A removal proceeding upon the same indictment had previously been had before a commissioner for the Eastern district of New York; the appellant then residing in that district. In that proceeding the appellant was discharged on the ground that the government had failed to prove probable cause. A transcript of the record of that proceeding was introduced in evidence by appellant, and it is now urged that the former decision should have been followed on the present hearing; the evidence in both being substantially the same. The utmost that can be said, however, is that a decision favorable to the accused on a former hearing is persuasive but not conclusive on a second application for removal. United States v. Levy, 268 U. S. 390, 394, 45 S. Ct. 516, 69 L. Ed. 1010. So the merits of the present decision must be considered.

In removal proceedings the court is not to determine the guilt or innocence of the accused, but only to inquire whether there is probable cause to believe him guilty of the offense charged and justify his removal for trial. Morse v. United States, 267 U. S. 80, 83, 45 S. Ct. 209, 69 L. Ed. 522; United States ex rel. Hughes v. Gault, 271 U. S. 142, 150, 46 S. Ct. 459, 460, 70 L. Ed. 875; United States v. Hecht, 11 F.(2d) 128, 132 (C. C. A. 2). The government rested after putting in the indictment and the testimony of Mrs. Hess identifying appellant as the person against whom the indictment was brought. This undoubtedly made a prima facie case for removal. Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; Price v. Henkel, 216 U. S. 488, 491, 30 S. Ct. 257, 54 L. Ed. 581. But the indictment is not conclusive (Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689), and appellant contends that the prima facie case was overthrown by his own denials and the cross-examination of Mrs. Hess.

It appears that the woman Lucille had been living with Povlin at Little Rock, Ark., where he was a medical student, so that they were generally thought to be husband and wife, though he testified they were not such.

When his medical course was completed, they took a train together to Chicago, where Lucille had previously been employed, and there occupied the same room for two days. She then went to work in Chicago, and he proceeded on to his home in New York to begin work there. Five months later she joined him in New York, where she afterwards died. Mrs. Hess testified:

"My sister told me and Dr. Povlin told me that she was going to go to Chicago to take a job and stay there until Dr. Povlin established himself in New York."

On this testimony it is argued that the purpose of the journey was to seek employment for the woman in Chicago and consequently, even if Povlin's denial that he had anything to do with her transportation be disregarded, the purpose of illicit intercourse as an actuating motive for the journey, is shown to have been lacking. Numerous cases have held that such a motive is an essential element of the crime, Alpert v. United States, 12 F.(2d) 352 (C. C. A. 2); Drossos v. United States, 16 F.(2d) 833 (C. C. A. 8); Sloan v. United States, 287 F. 91 (C. C. A. 8); Van Pelt v. United States, 240 F. 346 (C. C. A. 4); Fisher v. United States, 266 F. 667 (C. C. A. 4); though it need not be the sole motive, Ghadiali v. United States, 17 F.(2d) 236 (C. C. A. 9), certiorari denied, 274 U. S. 747, 47 S. Ct. 660, 71 L. Ed. 1328. Hence the conclusion is urged that there was no probable cause to justify commitment for removal.

It would be difficult, if not impossible, to formulate a rule of general application as to what evidence will overcome the prima facie case for removal made by the indictment. Clearly, denial of guilt by the accused, even though corroborating testimony is offered, is not necessarily enough. Magnus v. Keville, 6 F.(2d) 157 (C. C. A. 1); United States v. Mathues, 19 F.(2d) 22 (C. C. A. 3); Burton v. Smithers, 31 F.(2d) 966 (C. C. A. 4). On the other hand, evidence of innocence may be such as to rebut the case made by the indictment. United States v. Hecht, 11 F.(2d) 128 (C. C. A. 2); United States v. Glass, 25 F.(2d) 941, 944 (C. C. A. 3); Johnson v. Hotchkiss, 35 F.(2d) 914 (C. C. A. 9). In discussing the subject in Meehan v. United States (C. C. A.) 11 F.(2d) 847, 849, Judge Denison said:

"* * *. The cases usually speak of it [the indictment] as prima facie evidence, not of guilt, but of the existence of probable cause. This is perhaps another way of saying that it raises an initial presumption, which might as well be arbitrary as evidential, which continues until it is in some vital particular overcome by entirely convincing testimony. Wherever there is affirmative proof, unchallenged except by the indictment, demonstrating lack of guilt, removal should be denied; if the conclusion of no probable cause is put in any substantial doubt by proofs in addition to the indictment, the removal should be made."

We are willing to accept this exposition as a correct statement of the law, and so, apparently, is appellant, as he quotes it without criticism. But the application of the rule so stated does not, in our opinion, lead to a reversal of the judgment below. The crucial question is the purpose of appellant in taking Lucille to Chicago. On this issue many circumstances, prior as well as subsequent to the journey, will be relevant, including the prior relations of this man and woman, their conduct on the way and after their arrival, the fact that appellant was leaving Little Rock permanently—in short, everything which may throw light upon his motives for the journey. His testimony as to his purpose would, of course, not be conclusive; and the testimony of Mrs. Hess as to what Lucille and Povlin told her as to their purpose is but one of the circumstances bearing on his actual purpose. Nor does the fact that part of the defense evidence came from a government witness seem of special significance, inasmuch as the testimony related only to evidentiary facts. The ultimate fact of appellant's purpose is not so clearly demonstrated to have been innocent that we can say in the words of Judge Denison that the initial presumption raised by the indictment is "overcome by entirely convincing testimony." In this respect the present record differs from United States v. Hecht, supra, where this court pointed out that the case was not in the class in which conflicting inferences could be drawn from the evidence. Here the situation is analogous to that involved in Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759, where the ultimate issue involves the consideration of many facts, and the inferences to be drawn from them were held to be for the court where the indictment was found. It may well be that on the trial the government will be unable to prove its case, particularly since the woman is dead, but, as Mr. Justice Holmes declared in United States ex rel. Hughes v. Gault, supra, on a removal proceeding, the magistrate "is not intended to hold a preliminary trial and if probable cause is shown on the gov-

ernment side, he is not to set it aside because on the other evidence he believes the defendant innocent."

Finding no error, we must affirm the order.