**James William MASSENGALE, Appellant,**

v.

**David G. MILLS, Warden, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 24, 1991.

Permission to Appeal Denied by Supreme Court Dec. 30, 1991.

Randall E. Reagan, Knoxville, for appellant.

James W. Massengale, pro se.

Charles W. Burson, Atty. Gen. & Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, Charles Hawk, Dist. Atty. Gen., Frank Harvey, Asst. Dist. Atty. Gen., Kingston, for appellee.

## OPINION

DWYER, Judge.

James Massengale appeals from the Morgan County Criminal Court's decision dismissing his petition for writ of habeas corpus. He had been convicted in 1981 of robbery and rape, with a net effective sentence of life imprisonment.

The appellant does not dispute whether the crimes took place, but rather whether the trial court properly had jurisdiction over him. He urges that the rape took place on the property of the Tennessee Valley Authority, giving exclusive jurisdiction to the federal courts. He relies upon 18 U.S.C.A. 2031 in support of his position.

■ 18 U.S.C.A. 2031 was repealed in 1986. As this is a *pro se* petition, we attach more lenient standards than we would for a professionally prepared brief. 18 U.S.C.A. 2031 was replaced by 18 U.S.C.A. 2241. That statute gives the federal government jurisdiction for matters involving aggravated sexual assault in maritime or special territorial jurisdictions of the United States Government. 18 U.S.C.A. § 7 defines "maritime and territorial jurisdiction to include the high seas, vessels on U.S. waters and land reserved for the exclusive use of the U.S. Government."

■ We note that the trial court found it properly had venue at the convicting trial in 1981. Additionally, when it denied this petition for habeas corpus, it again found that the courts of Tennessee properly had jurisdiction over the matter. We find nothing here to upset that finding. While Congress has the power to enact legislation defining crimes to be exclusive of the statutes of the states, where such is not done, the statute of the state is not superseded by the federal statute and the same act may be punished as an offense against the United States and also as an offense against the state. *California v. Zook,* 336 U.S. 725, 69 S.Ct. 841, 93 L.Ed. 1005 (1949). The burden is on the appellant to show that the federal government had exclusive jurisdiction where the evidence does not clearly show the offense was committed on land reserved exclusively to the U.S. Government. *See In re Terrill,* 90 Kan. 138, 49 P. 158 (1897). While we are not unmindful that this is a *pro se* petition and thus subject to lesser standards of scholarship and quality, we find that the appellant has made absolutely no such showing. We find nothing to indicate that Congress intended for the United States courts to have exclusive jurisdiction over matters arising on Tennessee Valley Authority property.

■ Moreover, whether the locus of an alleged crime was within the exclusive jurisdiction of the United States is an issue for determination by the trial court where the indictment is found and cannot be raised, as here, by writ of habeas corpus on the ground of want of jurisdiction. *Rodman v. Pothier,* 264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759 (1924).

The issue is without merit and is hereby overruled; the trial court's opinion is affirmed.

BYERS, P.J., and SCOTT, J., concur.