IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 15, 2015

**JOHN VERNON CAMPBELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Johnson County**
**No. 15-CR-29     Lisa N. Rice, Judge**

---

**No. E2015-01292-CCA-R3-HC – Filed December 16, 2015**

---

The Petitioner, John Vernon Campbell, appeals as of right from the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends (1) that the trial court lacked jurisdiction for his premeditated first degree murder conviction because the offense was committed in the Cherokee National Forest; and (2) that the indictment charging the Petitioner was invalid due to the State's dismissal of a charge of felony first degree murder. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

John Vernon Campbell, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Ahmed A. Safeeullah, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner is currently serving a life sentence for the 2003 murder of Terri Abbott. See State v. John Vernon Campbell, No E2005-01252-CCA-R3-CD, 2006 WL 2032530, at *1 (Tenn. Crim. App. July 20, 2006), perm. app. denied (Tenn. Nov. 27, 2006). The evidence at trial established that in February 2003, the Petitioner had sex with the victim, then beat her with a scissor jack and left her to die in a stream located in secluded area of the Cherokee National Forest. Id. at *1-9. On April 6, 2015, the Petitioner filed the instant petition for writ of habeas corpus.

In the petition, the Petitioner argued that the trial court lacked jurisdiction for his premeditated first degree murder conviction because the offense occurred on land controlled by the federal government, the Cherokee National Forrest. The Petitioner reasoned that because it is a federal offense to commit murder "[w]ithin the special maritime and territorial jurisdiction of the United States," he should have been prosecuted in a federal court rather than a Tennessee court. 18 U.S.C.A. § 1111(b). The Petitioner also argued that the indictment against him was invalid because Count 2, charging him with felony first degree murder, was dismissed prior to trial.

The State filed a response to the petition on May 18, 2015. The State responded that Tennessee retained jurisdiction over criminal offenses committed in the Cherokee National Forest; therefore, the Petitioner's argument failed to establish that his judgment of conviction was void. The State also responded that the Petitioner was convicted of Count 1 of the indictment, charging him with premeditated first degree murder, and that the dismissal of Count 2 did not impact the validity of the indictment for Count 1. On June 19, 2015, the habeas corpus court entered an order summarily dismissing the petition for failure to state a cognizable claim for habeas corpus relief. The Petitioner now appeals, with the parties raising the same arguments raised in the habeas corpus court.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

It is "commonly understood" that the applicable authorizing statutes establishing national forests allow "concurrent jurisdiction over the national forests." United States v.

Gabrion, 517 F.3d 839, 855 (6th Cir. 2008). Indeed, the applicable Tennessee statute provides as follows:

> The jurisdiction of the state of Tennessee, both civil and criminal, over persons upon the lands acquired for the [establishment of national forests] . . . shall not be affected or changed by their permanent acquisition and administration by the United States for such purposes, except so far as the punishment of offenses against the United States is concerned, the intent and meaning of this section being that the state of Tennessee shall not, by reasons of such acquisition and administration, lose its jurisdiction nor the inhabitants thereof their rights and privileges as citizens or be absolved from their duties as citizens of the state.

Tenn. Code Ann. § 11-18-103.

Indeed, this court has previously stated, in addressing a similar claim for habeas corpus relief, the following:

> While Congress has the power to enact legislation defining crimes to be exclusive of the statutes of the states, where such is not done, the statute of the state is not superseded by the federal statute and the same act may be punished as an offense against the United States and also as an offense against the state.

Massengale v. Mills, 826 S.W.2d 122, 123 (Tenn. Crim. App. 1991) (citing California v. Zook, 336 U.S. 725 (1949)).

Accordingly, Tennessee and the federal government have concurrent jurisdiction over Cherokee National Forest, and there is nothing in the applicable federal statute prohibiting murder to suggest that it was intended to supersede the Tennessee statute prohibiting premeditated first degree murder. See 18 U.S.C.A. § 1111(b); Tenn. Code Ann. § 39-13-202(a)(1). As such, the Petitioner was subject to prosecution for the murder of the victim in both state and federal court. See Gabrion, 517 F.3d at 855 (citing United States v. Avants, 367 F.3d 433, 440 (5th Cir. 2004) (upholding conviction in federal court for murder committed in national forest after acquittal for same murder in state court); United States v. Jackson, 327 F.3d 273, 281 (4th Cir. 2003) (affirming conviction for murder committed in national forest after conviction for the same crime in state court)). Accordingly, we conclude that the trial court had jurisdiction in this case and that this claim for habeas corpus relief is without merit.

With respect to the Petitioner's argument regarding the dismissal of the felony first degree murder charge prior to trial, we note that "[e]ach count in an indictment is a

separate charge and each count is looked upon as a separate indictment." State v. Millbrooks, 819 S.W.2d 441, 446 (Tenn. Crim. App. 1991). To that end, "[a]n acquittal on one or several charges in a multi-count indictment does not preclude a conviction under one or more of the other charges." Id. Likewise, the dismissal of the felony first degree murder charge did not affect the validity of the premeditated first degree murder charge. Accordingly, we conclude that this issue is devoid of merit and affirm the habeas corpus court's summary dismissal of the petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE