
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## WALTER JR. SHEGOG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 2016-CV-4557**

_____

### No. M2017-00034-CCA-R3-HC

_____

Appellant, Walter Jr. Shegog, appeals the trial court's summary denial of his petition seeking habeas corpus relief. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

TIMOTHY L. EASTER, J. delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT W. WEDEMEYER, J. joined.

Walter Jr. Shegog, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Appellant is appealing the trial court's order denying his petition for a writ of habeas corpus. The record and Appellant's brief have been filed. In response, the State has filed a motion to dismiss because Appellant did not timely file a notice of appeal. In the alternative, the State moves to affirm the ruling of the trial court pursuant to Court of Criminal Appeals Rule 20.

In response, Appellant requests waiver of the deadline for filing notice of appeal. Appellant states that he did not receive a copy of the trial court order denying his habeas corpus petition in time to file notice of appeal within thirty days. Upon review, and in the interest of justice, the Court hereby waives the thirty-day deadline for filing notice of

appeal and accepts the notice of appeal filed by Appellant on December 30, 2016. Tenn. R. App. P. 4(a).

Appellant was convicted of theft of property and received a twelve-year sentence as a career offender. This Court affirmed the judgment. *State v. Walter Shegog*, No. W2014-02440-CCA-R3-CD, 2015 WL 12978195, at \*5 (Tenn. Crim. App. Oct. 13, 2015), *perm. app. denied* (Tenn. Feb. 19, 2016). One of the issues raised by Appellant on appeal was that the Shelby County Criminal Court lacked territorial jurisdiction to impose the judgment because the offense occurred on federal property. This Court found that issue to be without merit:

> Initially, we note that the defendant did not present any proof to support his claim that the parking lot of the V.A. Hospital was federal property such that the federal government had exclusive jurisdiction of any offense committed there. *See Massengale v. Mills*, 826 S.W.2d 122, 123 (Tenn. Crim. App. 1991) ("The burden is on the appellant to show that the federal government had exclusive jurisdiction where the evidence does not clearly show the offense was committed on land reserved exclusively to the U.S. Government."). Additionally, the statute cited by the defendant, 38 U.S.C. § 902, does not discuss the territorial jurisdiction of crimes committed in the V.A. Hospital parking lot. That statute deals with the jurisdiction of police officers within the Veteran's Administration. Finally, although the initial taking of the victim's car occurred in the parking lot of the V.A. Hospital, that offense was consummated when the defendant exercised control over the car beyond the point at which the victim had given him permission to do so, such as when he pulled out of the parking lot and drove to the Office Max and then to his house with the intent to deprive the victim of the vehicle. *See State v. Legg*, 9 S.W.3d 111, 115 (Tenn. 1999). In consequence, the defendant is not entitled to relief on this issue.

*Walter Shegog*, 2015 WL 12978195 at \*3.

Appellant asserted that same issue as the sole ground for relief in his habeas corpus petition. Although he attempted to correct the shortcoming alluded to by this Court by attaching documentation to his petition which purportedly shows that the parking lot of the V.A. Hospital is on federal land, the trial court correctly held that Appellant is not otherwise entitled to habeas corpus relief. Citing this Court's opinion on direct appeal, the trial court held the judgment of conviction in this case is not void for want of jurisdiction. As noted above, this Court has already dispatched the argument advanced by Appellant in his habeas corpus petition. Accordingly, that determination is binding in this proceeding. *See State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000)

(discussing law of the case doctrine). Moreover, to the extent Appellant raises issues for the first time in his brief on appeal, they must be considered waived. *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995).

Upon review of the issues presented by Appellant in this appeal and the record as a whole, the Court hereby grants the State's motion to affirm pursuant to Rule 20. Accordingly, the ruling of the trial court is hereby affirmed in accordance with Court of Criminal Appeals Rule 20.

TIMOTHY L. EASTER, JUDGE