## LITTLETON v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. May 25, 1925. Rehearing Denied June 29, 1925.)

### No. 4411.

1. **Habeas corpus ⟨⠿⟩96—Removal to another district for trial; doubt as to sufficiency of indictment does not entitle accused to discharge on habeas corpus.**

On application for a writ of habeas corpus by a person held for removal to another district for trial on an indictment, defendant may be discharged if it appears that the indictment is essentially and fundamentally defective; but, if there is doubt as to its sufficiency as a pleading, the question is for the court in which it was returned, and is not open in the habeas corpus proceeding.

2. **Criminal law ⟨⠿⟩242(6)—In proceedings for removal of defendant to another district, court will test indictment only to see if offense charged.**

In a proceeding for removal of an accused to another district for trial on an indictment, the court will test the allegations of the indictment only to ascertain whether, considering all the averments, the facts stated substantially charge an offense against the United States.

3. **Aliens ⟨⠿⟩72—Indictment held to charge offense of aiding person not entitled thereto to secure naturalization.**

An indictment charging that defendant aided an alien not then entitled to naturalization in preparing and filing a petition and affidavit therefor, and procuring an order of a state court restoring an alleged lost record of that court of a judgment admitting petitioner to

*Certiorari denied 46 S. Ct. 21, 69 L. Ed. ——.

citizenship, knowing that the statements made in the petition and affidavit were false, that no such judgment was ever entered or destroyed, and that petitioner was in fact an alien, *held* to charge the offense of aiding the alien to secure naturalization in violation of Naturalization Act 1906, § 23 (Comp. St. § 4379).

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Rudkin, Judge.

Petition by Frederick N. Littleton against the United States for writ of habeas corpus. From an order discharging the writ, petitioner appeals. Affirmed.

For opinion below, see 1 F.(2d) 752. See, also, 1 F.(2d) 751.

This is an appeal from an order discharging a writ of habeas corpus. Littleton, appellant, was arrested on a warrant issued by a United States commissioner at Oakland, Cal., after the filing of a complaint for removal, alleging violation of section 23 of the Naturalization Act, Act June 29, 1906, 34 Stat. 603, c. 3592 (Comp. St. § 4379). The complaint was based upon an indictment against Littleton, returned in the United States District Court in Nevada. At the hearing before the commissioner a certified copy of the indictment was introduced and the identity of the defendant was established. The government rested upon the introduction of such proof. Defendant offered no evidence. The commissioner held Littleton to answer, and thereafter order of removal was made by the United States District Court for the Northern District of California. Littleton then brought habeas corpus proceedings, alleging that the complaint and warrant which formed the basis of the proceedings before the United States District Court did not state an offense against the United States, and that there was no probable cause for ordering the removal. General demurrer to the petition was sustained, and removal ordered.

The first count of the indictment charges that about May 29, 1919, at Reno, Nev., Littleton willfully aided, abetted, and induced one Poco to make, and that Poco did by reason thereof make, an affidavit before a notary public in and for Nevada, the affidavit being entitled: "In the Superior Court of the State of California in and for the City and County of San Francisco. In the Matter of the Naturalization of John Poco"—in which affidavit Poco deposed that he was a resident of Reno, Nev., and a native of France; that he emigrated to the United States in January, 1891, and had resided in

the United States 28 years and in California 8 years, and was duly naturalized and admitted to citizenship before Judge James Troutt at San Francisco on April 8, 1904, in the superior court of San Francisco, Cal.; that his witnesses were one Garcia and one Nartaiz; that he had lost his naturalization papers in the fire at San Francisco in April, 1906, and that the loss, if not supplied or remedied, would result in damage to him, and that he could not obtain a certified copy thereof as the entire records of the proceedings in the state court were destroyed in the fire; that the instrument in writing annexed to his affidavit recited the substance and effect of the last judgment admitting him to citizenship. Wherefore he prayed the superior court for an order authorizing such defect to be supplied by the substitution of the instrument which he annexed to his affidavit. The instrument was entitled "United States of America, Record of Naturalization." It bore the caption of the superior court of the state of California: "In Open Court this 8th day of April, 1904." After reciting formalities of Poco's appearance and application for admission to citizenship, and that Poco had made necessary proofs, the judgment was that he be admitted and declared to be a citizen of the United States. The indictment proceeds, and charges that, each and every of the matters set forth in the affidavit of Poco being material and being required to be proved, it being intended to use the affidavit in the naturalization proceedings referred to in the affidavit, the said affidavit was false and untrue, in that it was not true that Poco was naturalized and admitted as a citizen of the United States in the superior court of California on April 8, 1904, or ever; that it was not true that the persons named as witnesses were such in any such naturalization proceeding; that it was untrue that Poco had lost his naturalization papers, or that the loss occurred by the fire in 1906; that it was not true that the record of the proceedings in the said superior court were destroyed by fire; that it was not true that the instrument annexed and made a part of the affidavit recited in substance such lost judgment admitting Poco to citizenship; that Littleton and Poco then and there well knew the affidavit was false and untrue.

The second count charges that Littleton, at Reno, Nev., about May 29, 1919, in violation of section 23 hereinbefore cited, knowingly and willfully advised and encouraged Poco, a citizen of France, who was not then entitled to naturalization, to secure naturalization; that Littleton knew Poco was an

alien, a citizen of France, and not then and there entitled to naturalization; that he advised Poco, and Poco by reason thereof did execute upon oath a petition, addressed to the superior court of the state of California in and for the city and county of San Francisco praying for an order of that court restoring a purported record of that court, in the form of a final order of naturalization claimed to have been entered in that court on April 8, 1904, on the ground that the original record of said final order had been destroyed by fire in April, 1906; that Littleton advised and encouraged Poco to secure, and Poco did by reason thereof secure, by means of his said petition, naturalization as a citizen of the United States, when in truth he was an alien not then entitled to naturalization, and when in truth no such final order of naturalization had ever been entered in said court, and no record thereof had ever existed or been destroyed, all as Littleton and Poco both well knew.

Preston & Duncan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and Alma M. Myers, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The statute under which the indictment was drawn (Act June 29, 1906, 34 Stat. 603, c. 3592, Comp. St. § 4379) provides that any person who knowingly procures naturalization in violation of the provisions of the act shall be punished as prescribed, and that upon conviction the court in which such conviction is had shall thereupon adjudge and declare that final order admitting such person to citizenship void. The statute also provides: "Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication. Any person who knowingly aids, advises, or encourages any person not entitled thereto to apply for or to secure naturalization, or to file the preliminary papers declaring an intent to become a citizen of the United States, or who in any naturalization proceeding knowingly procures or gives false testimony as to any material fact, or who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding, shall be fined. * * * "

Petitioner's position is that the first count is fatally defective: (1) In that it does not allege that any proceeding of any kind was ever instituted by the filing of the affidavit, or that the same was ever used; and (2) that even if it had been filed and proceedings had been had thereon, such proceedings would not have constituted "naturalization proceedings" within the purview of section 23, above cited; and (3) that the averments of the affidavit charged to have been false were not material facts required to be proved in a "naturalization proceeding." The grounds of objection to the second count are (1) that making and filing in the superior court of the state a petition to restore a purported record of that court in the form of a final order of naturalization would not and could not secure naturalization for Poco; and (2) that the count lacks allegation that any order restoring such purported record was ever made.

[1] On the application for a warrant of removal based solely on the strength of an indictment found in a District Court of the United States for another district, the court in the district in which defendant has been arrested should be satisfied that upon the face of the indictment an offense against the United States is charged, or, as expressed by Judge Thayer in Stewart v. United States, 119 F. 89, 55 C. C. A. 641, on application for writ of habeas corpus, defendant may be discharged, provided it appears that the indictment is "essentially and fundamentally" defective. On the other hand, where there is doubt of the sufficiency of the indictment as a pleading, inquiry on habeas corpus is not open. Hogan v. O'Neill, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497.

[2] There may be inartificiality, uncertainty in averment, ambiguity, or defects in form, and still there may be a crime charged for which warrant of removal will be issued, and in a proceeding for removal to another jurisdiction the court will test the allegations of the indictment, not by way of a critical examination of the pleadings as such, but to ascertain whether, considering all the averments, the facts stated substantially charge a crime or offense against the United States and that it has been committed by the person arrested. Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759; Gayon v. McCarthy, 252 U. S. 171, 40 S. Ct. 244, 64 L. Ed. 513; Stallings v. Splain, 253 U. S. 339, 344, 40 S. Ct. 537, 64 L. Ed. 940; Rowe v. Boyle (C. C. A.) 268 F. 809; Bechtold v. United States (C. C. A.) 276 F. 816; Crosland v. Dyson (C. C. A.) 280 F. 105.

[3] Keeping the statute in mind, and putting the averments of the indictment in the second count in parallelism with the lan-

guage of the law, we hold there is a substantially sufficient charge that Littleton, on May 29, 1919, knowingly aided and encouraged Poco, an alien, a citizen of France, then not entitled to naturalization, to secure naturalization as a citizen of the United States, and that as a result of such advice and encouragement Poco did secure such naturalization; that pursuant to such advice Poco made petition on oath to the state court designated, praying for an order of that court restoring a purported court record in the form of a final order of naturalization claimed to have been entered in the state court records on April 8, 1904, on the ground that the original record had been destroyed by fire in 1906; that Littleton aided and encouraged Poco, and, by reason of the aid and encouragement, Poco, by means of the petition referred to, obtained an order of naturalization, when in truth he was an alien and not then entitled to naturalization in the named state court, and no such record thereof had ever existed or had ever been destroyed, as Littleton and Poco both then and there well knew.

In order to gain the benefits of the rights of citizenship, which in his affidavit he swore had been judicially granted by the alleged 1904 naturalization, Poco was obliged to revive that proceeding by again going into the superior court of the state, and setting forth, as he did, a prior order of naturalization and the facts upon which that order rested. To hold to this view is not to lose thought of section 4 of the Act of June 29, 1906 (Comp. St. § 4352) wherein it is provided that an alien may be admitted to citizenship in the manner prescribed by certain subdivisions, "and not otherwise," and that in the subdivisions referred to in the section there is no procedure whereby a lost record may be established or restored. Of course, in the instance of lost records of naturalization, the evidence to be adduced relates to the missing record and loss thereof, yet in acting upon the petition for restoration, and the averments thereof, the power of the court must be broad enough to ascertain whether as a fact there ever was such a record or order of naturalization. Thus the petition for the order of restoration becomes a complemental part of naturalization proceedings; and in the immediate matter, as one of the material facts, Poco was required to prove that in 1904 he had applied for naturalization, and that an order of naturalization was then and there made by the state court. But if as a fact in 1904 no such order was made, and no record of any such naturalization was entered, and Littleton, knowing such facts in 1919, then willfully aided and advised Poco in making the affidavit that Poco was entitled to naturalization and in obtaining an order of naturalization, when in truth he was not entitled thereto, then Littleton is substantially charged with an offense as defined in section 23, supra.

It seems to us that underlying appellant's position there is a fallacy in the assumption that there can be no naturalization proceeding, or any step in a naturalization proceeding, as those terms are used in the relevant statute, unless the several matters sworn to and the several steps taken to secure an order of naturalization have a foundation that is veritable and legally sufficient. But in our opinion, if one in an affidavit, itself genuine, sets forth material matters as facts, and upon them prays for an order of naturalization, and upon such affidavit secures from a court of competent jurisdiction an order, in itself genuine, declaring him to be a citizen, such affidavit and such order are made and had in a naturalization proceeding, even though the affidavit is founded upon statements that may be proved to be corruptly made and false, and the order made pursuant to the affidavit was rested upon a showing that was false and untrue, and one who has knowingly and willfully advised and abetted the making of such an affidavit is criminally liable under the statute cited.

We therefore hold that the writ of habeas corpus was properly discharged.

Affirmed.