## UNITED STATES v. JACOPETTI.

(District Court, N. D. California, S. D. February 28, 1927.)

No. 18046.

1. **Aliens ⊛⟶72—Indictment for knowingly aiding person not entitled thereto to secure naturalization held sufficient (Naturalization Act, § 23 [Comp. St. § 4379]).**

Indictment under Naturalization Act 1906, § 23 (Comp. St. § 4379), for knowingly aiding a person not entitled thereto to secure naturalization, *held* sufficient.

2. **Indictment and information ⊛⟶130—Offenses of same class may be joined in counts of indictment (Comp. St. § 1690).**

Joinder in an indictment of counts charging offenses of the same class is proper, under Rev. St. § 1024 (Comp. St. § 1690).

3. **Indictment and information ⊛⟶2(4)—Statute held not unconstitutional, as authorizing prosecution of infamous crime by information (Naturalization Act, § 24 [Comp. St. § 4380]).**

The provision of Naturalization Act 1906, § 24 (Comp. St. § 4380), limiting the time within which an indictment may be found "or" an information filed for an offense under the act, does not purport to authorize prosecution by information of an infamous crime.

Criminal prosecution by the United States against E. Jacopetti. On demurrer to indictment and motion to quash. Overruled.

George J. Hatfield, U. S. Atty., of San Francisco, Cal.

Edward A. O'Dea, of San Francisco, Cal., for defendant.

ST. SURE, District Judge. Indictment under section 23 of the Act of June 29, 1906 (34 Stat. 603 [Comp. St. § 4379]) The demurrer to the indictment sets up the following:

(1) Failure to charge an offense against the laws of the United States.

(2) Misjoinder of three sets of alleged offenses, set forth in six counts.

(3) That section 24 of the Act of June 29, 1906 (Comp. St. § 4380), purporting to fix the time within which offenses sought to be charged in the indictment shall be prosecuted, is unconstitutional, as permitting the charging of infamous crimes by information, in violation of the Fifth Amendment to the Constitution of the United States.

(4) That the indictment was not returned within three years, under section 1043, 1044, Revised Statutes (Comp. St. §§ 1707, 1708), applicable because of the alleged unconstitutionality of section 24 of the Act of June 29, 1906.

(5) No criminal offense against the United States is charged, because of lack of power in Congress to enact section 23, except as it relates to federal court proceedings; the creation of criminal offenses with penalties fixed therefor for acts committed in state court proceedings is denied to Congress under reservation to the states by Amendment 10 of the Constitution.

(6) This court has no jurisdiction, because the acts on which charges are based occurred in proceedings in the state courts for the restoration of records of naturalization.

(7 and 8) Insufficiency and uncertainty of all counts of the indictment in various respects, heretofore mostly specified by way of particular defects under the preceding numbered subheads.

The motion to quash embodies the same points raised by demurrer.

[1] The indictment is set out in six counts; two offenses against the defendant being set out in as many counts, respectively, concerning three different individuals. The first count of each transaction—that is to say, the first, third, and fifth counts of this indictment; and the second, or the second, fourth, and sixth of this indictment—are, with the exception of particular detail necessarily differing, in the exact language found in the case of Littleton v. United States, 6 F.(2d) 209, 210 (C. C. A. 9).

The decision in Littleton v. United States (C. C. A.) 6 F.(2d) 209, tests the sufficiency of the indictment as charging an offense, and states: "Keeping the statute in mind, and putting the averments of the indictment in the second count in parallelism with the language of the law, we hold there is a substantially sufficient charge. * * *" This, I think, is sufficient as against the first specifi-

cation of the demurrer as to the second, fourth, and sixth counts.

The first, third, and fifth counts charge, as in the Littleton Case, that the defendant "willfully aided, abetted, and induced one —— to make, and that —— did by reason thereof make, an affidavit * * * that each and every of the matters set forth in the affidavit, * * * being material and being required to be proved, it being intended to use the affidavit in the naturalization proceedings referred to in the affidavit, * * * the said affidavit was false and untrue. * * * This charge is grounded on the part of section 23 reading: "Any person * * * who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding. * * *"

On the holding of the Circuit Court of Appeals in the Littleton Case, that a proceeding for the restoration of a naturalization record may be a "naturalization proceeding" in which the material facts are required to be proved, a direct charge of making an affidavit, condemned by the above language of the statute, sufficiently charges an offense thereby. The definition of aiders, abettors, etc., under section 5427, Revised Statutes (Comp. St. § 10506), under naturalization statutes covering offenses identical with those under section 23 of the Act of June 29, 1906, followed by the further definition of section 322, Criminal Code (Comp. St. § 10495), makes such persons indictable as principals.

[2] The second specification, that of misjoinder, must fall. The three transactions set out in six counts are of the same class. Revised Statutes, § 1024 (Comp. St. § 1690); Pointer v. United States, 151 U. S. 396, at page 403, 14 S. Ct. 410, 38 L. Ed. 208.

[3] The third specification of the demurrer is untenable. The section reads: "That no person shall be prosecuted, tried, or punished for any crime arising under the provisions of this act unless the indictment is found or the information is filed within five years next after the commission of such crime." Comp. St. § 4380. The section merely carves out a limitation period for the various offenses created under different sections of a comprehensive act, the prosecution for any of which is to be by indictment or information according to the type of crime charged. It was framed in the light of the requirements of the Fifth Amendment to the Constitution and the definition of section 335 of

the Criminal Code (Comp. St. § 10509). The charge here is by indictment.

The fourth ground of demurrer falls with the third.

The fifth specification has been sufficiently dealt with, adverse to defendant's contention, in the Littleton Case (C. C. A.) 6 F. (2d) 209, at page 212. The same is true as to the sixth ground.

The seventh and eighth points of the demurrer merely specify uncertainty and insufficiency of the same matters directly challenged by the other specifications, and need not be considered.

The demurrer is overruled, and the motion to quash the indictment denied. It is so ordered.