**UNITED STATES v. BONAVIA et al.**

No. 26422.

District Court, E. D. New York.

May 5, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Henry G. Singer and Emanuel Bublick, both of Brooklyn, N. Y., of counsel), for plaintiff.

Charles J. Buchner, of Brooklyn, N. Y., for defendants.

BYERS, District Judge.

These defendants were indicted, under date of January 28, 1930, for a violation of title 8, § 414, U. S. Code (8 USCA § 414); pleas have been filed on the part of the defendants Cataldo Di Paolo and Giacinto Bonavia, setting forth:

(a) Double jeopardy;

(b) That a prior indictment was dismissed in this court in 1926, and no permission was obtained to resubmit the matter to the grand jury, and

(c) That the three-year statute of limitations is a bar to the prosecution of the indictment.

A replication was filed, and the matter came before this court in the form of a motion on the said pleas.

At the argument the double jeopardy issue was withdrawn on the part of these defendants.

It becomes necessary, therefore, to examine the other two aspects of the pleas.

With regard to the failure to obtain permission from the court to resubmit the matter to the grand jury, the case of Henry et al. v. U. S. (C. C. A.) 15 F.(2d) 624, decided in the Eighth circuit, seems to apply.

That proceeding arose in California, where there is a requirement of the Penal Code to the effect that, where an indictment has once been dismissed, the accused shall be discharged, unless the court directs the case to be submitted to the same or another grand jury, which practice was not followed in that case.

The purposes of the California statute and the parallel provision to be found in the New York statute are identical, and the reasons stated in that decision apply with equal force to the plea now under examination, and that decision will be followed for the reasons therein given, and upon the authorities therein cited.

With regard to the statute of limitations, it is to be observed that this indictment charges a violation of title 8, § 414, U. S. Code (8 USCA § 414). Section 415, 8 USCA, provides that: "No person shall be prosecuted, tried, or punished for any crime arising under the provisions of sections * * * 407 to 415 of this title, unless the indictment is found or the information is filed within five years next after the commission of such crime."

The offense in this case is said to have been committed on March 15, 1926. The statute above quoted became a law on June 29, 1906.

Title 18, § 582, U. S. Code (18 USCA § 582), provides what is known as the three-year statute of limitations, and reads, in part, as follows: "No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section 584 of this title, unless the indictment is found, or the information is instituted, within three years next after such offense shall have been committed. * * *"

The foregoing statute was most recently amended on November 17, 1921 (42 Stat. 220), but apparently had its origin in Revised Statutes, § 1044, passed April 13, 1876. The statute then read as follows:

"No person shall be prosecuted, tried, or punished for any offense, not capital, except

as provided in section one thousand and forty-six, unless the indictment is found, or the information is instituted within three years next after such offense shall have been committed.

"But this act shall not have effect to authorize the prosecution, trial or punishment for any offense, barred by the provisions of existing laws."

That was the law in 1906, when the provisions of title 8 above referred to, took effect.

While these two statutes may be thought to be in conflict, it is to be observed that Congress, in passing the 1906 Act, established a five-year statute of limitations for this particular offense, thereby taking it out of the operation of section 1044 of the Revised Statutes as in effect at that time; and no reason, therefore, now appears why this court should now declare that, as to an alleged crime committed in 1926, the earlier Statute of Limitations should be given effect rather than the one which seems to have been clearly intended to apply by Congress, when that body treated of the entire subject of aliens and citizenship.

An appropriate order may be entered, disposing of the pleas in accordance with this opinion, on two days' notice.