## UNITED STATES v. BADER.

### No. 36459.

District Court, E. D. New York.

Oct. 3, 1935.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Samuel H. Kaufman, Sp. Asst. to Atty. Gen., and Sylvester Pindyck, of New York City, of counsel), for the United States.

Sylvester & Harris, of New York City, for defendant.

MOSCOWITZ, District Judge.

The defendant has demurred to the indictment on the ground that all the offenses charged therein are barred by the statute of limitation.

There are three counts in the indictment. The first count charges that the defendant in December, 1929, and up to and including August 5, 1930, did unlawfully aid, advise, and encourage one Benedetto Velocci, a person not entitled to secure naturalization, to secure naturalization. The second count charges that the defendant in March, 1929, and up to and including October 29, 1930, did willfully and unlawfully aid, advise, and encourage one Edward Palanker to file a false declaration of intention. The third count charges that the defendant did unlawfully procure and induce said Edward Palanker to falsely swear in his declaration of intention. · All three counts of the indictment charge a violation of the United States Code, title 8, § 414 (8 U.S.C.A. § 414).

The date of the commission of each crime charged in the three counts of the indictment is alleged to be more than three, and less than five, years before the finding of the indictment.

If the contention of the defendant is correct that the three-year limitation provided in title 18, U.S.C.A. § 582, applies, then the motions must be granted and the indictment dismissed. If the five-year limitation provided in title 8, U.S.C.A. § 414, applies, the demurrer should be overruled.

Section 414, U.S.C.A., title 8, passed June 29, 1906, under which the defendant was indicted, provides: "Any person who knowingly procures naturalization in violation of the provisions of this chapter shall be fined not more than $5,000, or shall be imprisoned not more than five years, or both, and upon conviction the court in which such conviction is had shall thereupon adjudge and declare the final order admitting such person to citizenship void. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication. Any person who knowingly aids, advises, or encourages any person not entitled thereto to apply for or to secure naturalization, or to file the preliminary papers declaring an intent to become a citizen of the United States, or who in any naturalization proceeding knowingly procures or gives false testimony as to any material fact, or who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

Section 415, U.S.C.A., title 8, passed the same day, granting the five-year statute of limitation, provides: "No person shall be prosecuted, tried, or punished for any crime arising under the provisions of sections 356, 357, 360, 362, 364, 365, 372, 383, 386 to 394, 396 to 405, and 407 to 415 of this title, unless the indictment is found or the information is filed within five years next after the commission of such crime."

Prior to the enactment of section 415, U.S.C.A., title 8, there had been a three-year statute of limitation.

Section 582, U.S.C.A., title 18, passed as amended December 27, 1927, provides: "No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section 584 of this title, unless the indictment is found, or the information is instituted, within three years next after such offense shall have been committed: Provided, That nothing herein contained shall apply to any offence for which an indictment has been heretofore found or an information instituted, or to any proceedings under any such indictment or information."

Section 415, U.S.C.A., title 8, enacted June 29, 1906, was not repealed. The purpose of the 1921 amendment was to extend the time of prosecution of war frauds beyond the three-year period; that is, the period of limitation was extended three years more, six years in all. The 1927 amendment did not affect the five-year statute of limitation.

Congress did not intend section 582, U.S.C.A., title 18, enacted in 1921, to repeal section 415, U.S.C.A., title 8, then in force. This is indicated by the Report No. 365 of the Committee on the Judiciary, House of Representatives, 67th Congress, 1st Session, August 22, 1921, which reads as follows:

"The Committee on the Judiciary, to whom was referred the bill (H.R. 8298) to amend section 1044 of the Revised Statutes, having considered the same, reports thereon with the recommendation that the same be amended and as so amended do pass. * * *

"The Department of Justice has been engaged in the investigation of various alleged offenses, consisting largely of frauds

against the Government which are claimed to have occurred during the war with Germany and since its conclusion. Many of these alleged offenses grew out of the contractual relation of the Government with various persons and corporations engaged in the furnishing of military and naval supplies of various kinds. Many of these transactions require the most minute investigation in order to ascertain the exact facts, and in every case a considerable period must elapse before such facts may be gathered from the files and other sources that the Department may know whether prosecutions are justified or not. In many cases months and perhaps considerably longer periods, will be required for such investigations.

"Under the existing statute of limitations, above quoted, many of these alleged crimes are already barred, and in all such cases under the law no prosecutions can be had if any might be thought advisable. However, as to a very large and considerable number of cases, if prosecutions might be found necessary, the same could be had if the existing statute were extended so that the Government might have the opportunity, not only to make an investigation, but thereafter to begin the necessary prosecutions."

The conclusion is irresistible that the five-year statute of limitation applies. See U. S. v. Bonavia (D.C.) 41 F.(2d) 366; U. S. v. Jacopetti (D.C.) 17 F.(2d) 771.

The demurrer is overruled. Settle order on notice.