**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Billy GIPE, Defendant-Appellant.**

**No. 80–1777.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1981.

Decided March 26, 1982.

---

Thomas F. Harper, Harrison, Myers, Singer & Lerch, Phoenix, Ariz., for defendant-appellant.

Roger K. Dokken, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHOY, HUG and POOLE, Circuit Judges.

PER CURIAM:

Appellant Gipe appeals from his conviction for possessing intoxicating liquors in "Indian country" in violation of 18 U.S.C. § 1156.[1] Because the district court did not apply the beyond-a-reasonable-doubt standard in determining the existence of one of the facts necessary to constitute the crime, we reverse and remand.

Gipe admits to possessing and selling beer at Fort Courage, a shopping area located on fee-patented land within the boundaries of an Indian reservation. He maintains, however, that Fort Courage is "a non-Indian community" and thus by statutory definition not Indian country. After an extensive evidentiary hearing, the district court concluded that Fort Courage is not a non-Indian community. The court explicitly labeled this conclusion a jurisdictional finding lying entirely within the competence of the court, and not a factual issue to be determined by the trier of the fact. Gipe submitted the case to the court on the basis of the record developed at the evidentiary hearing, and the court, without re-examining the non-Indian community issue under the beyond-a-reasonable-doubt standard, found him guilty as charged.

Section 1156 establishes penalties for anyone who, aside from certain exceptions, "possesses intoxicating liquors in the Indian country." The same statutory section states that: "The term 'Indian country' as used in this section does not include fee-patented lands in non-Indian communities ... and this section does not apply to such lands ... in the absence of a treaty or statute extending the Indian liquor laws thereto." 18 U.S.C. § 1156. The few courts which

---

1. The full text of 18 U.S.C. § 1156 provides:

   Whoever, except for scientific, sacramental, medicinal or mechanical purposes, possesses intoxicating liquors in the Indian country or where the introduction is prohibited by treaty or an Act of Congress, shall, for the first offense, be fined not more than $500 or imprisoned not more than one year, or both; and, for each subsequent offense, be fined not more than $2,000 or imprisoned not more than five years, or both.

   The term "Indian country" as used in this section does not include fee-patented lands in non-Indian communities or rights-of-way through Indian reservations, and this section does not apply to such lands or rights-of-way in the absence of a treaty or statute extending the Indian liquor laws thereto.

have addressed the "non-Indian community" provision of § 1156 and related statutes have displayed a remarkable diversity in characterizing the issue. The Eighth Circuit described the issue as a legal conclusion and did not hesitate to redetermine the issue on the basis of the facts presented to the district court. *United States v. Morgan*, 614 F.2d 166, 170 (8th Cir. 1980). The Tenth Circuit, in invalidating convictions under the statute as unconstitutionally vague, characterized the issue as an element of the crime. *United States v. Mazurie*, 487 F.2d 14, 16 (10th Cir. 1973), *rev'd on other grounds*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975). The Supreme Court, in reversing the Tenth Circuit's vagueness ruling, denoted the issue a "statutory exception" but explicitly declined to resolve whether the prosecution or the defense bears the burden of proof in establishing the status of the site. *United States v. Mazurie*, 419 U.S. 544, 550–51 n.9, 95 S.Ct. 710, 714–15 n.9, 42 L.Ed.2d 706 (1975).

■ We are persuaded that the issue indeed constitutes an element of the crime of possession of intoxicants in Indian country and is neither a jurisdictional issue, as the district court believed, nor a statutory exception that must be proved by the defendant. The district court's characterization of the issue as jurisdictional apparently resulted from its failure to distinguish territorial jurisdiction cases, where the exercise of federal jurisdiction over a specific geographic area is necessary to vest jurisdiction in federal court. *See, e.g., Rodman v. Pothier*, 264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759 (1924). In such cases, the court may determine as a matter of law the existence of federal jurisdiction over the geographic area, but the locus of the offense within that area is an issue for the trier of fact. *United States v. Jones*, 480 F.2d 1135, 1138 (9th Cir. 1973). Here, the court need not have determined the status of Fort Courage in order to establish its jurisdiction and therefore should not have resolved the question as a matter of law. *See Mazurie*, 487 F.2d at 16 (distinguishing the non-Indian community determination from "the frequently encountered question of whether

state or federal jurisdiction exists over certain crimes which is determined by the place where they are committed").

■ The structure and wording of § 1156 indicate that the prosecution should bear the burden of proof as to the status of the site. Because possession of intoxicants is prohibited by § 1156 only in Indian country, the locus of the act of possession constitutes an element of the crime. The statutory definition of "Indian country" excludes fee-patented lands in non-Indian communities. We are therefore persuaded that the Government bears the burden of proving that the site of the offense was not a non-Indian community as part of its proof that the offense occurred in Indian country. *Cf. United States v. Vuitch*, 402 U.S. 62, 70, 91 S.Ct. 1294, 1298, 28 L.Ed.2d 601 (1971) ("It is a general guide to the interpretation of criminal statutes that when an exception is incorporated in the enacting clause of a statute, the burden is on the prosecution to plead and prove that the defendant is not within the exception").

■ Due process requires that each fact necessary to constitute a crime be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). In order to convict Gipe, the Government must prove beyond a reasonable doubt that Fort Courage was not a non-Indian community.

REVERSED and REMANDED for proceedings consistent with this opinion.

POOLE, Circuit Judge, dissenting.

I must respectfully dissent because I believe that the proper characterization of Fort Courage is essentially a jurisdictional issue, a question of law to be decided by the court and subject to de novo review here. Jurisdiction is always a question of law to be determined by the district court. *E.g., United States v. Jones*, 480 F.2d 1135, 1138 (2d Cir. 1973) (and cases cited therein). The majority concludes that we have a fact issue and therefore an element of the offense of possession because that is how it reads in 18 U.S.C. § 1156. It holds that since possession of intoxicants is made non-criminal

in a non-Indian community, the *nature* of the situs becomes an element of the offense. But this does not at all follow.

Although the statute generally forbids all such possession "in the Indian country," it excludes from the definition of "Indian country" all "fee-patented lands in non-Indian communities," * and also excludes "rights-of-way through Indian reservations." The problem is that we are dealing with legislation in which Congress chose to impose jurisdiction discretely, not uniformly.

As examples, 18 U.S.C. § 7 sets forth five categories of the exercise of "special maritime and territorial jurisdiction of the United States." They include "the high seas" and "lands reserved or acquired for the use of the United States, and under the exclusive concurrent or [*i.e.*, shared with the states] jurisdiction thereof." Title 18 U.S.C. § 13, the so-called "Assimilative Crimes Act," applies to any of the places and things described in § 7 the criminal prohibitions of the state in which situated, if the particular conduct is not made punishable by an enactment of Congress.

Normally, acts performed outside the territorial boundaries of the United States are not within the reach of the criminal laws of our courts although they may be punishable elsewhere. *E.g., United States v. Busic*, 592 F.2d 13, 20 (2d Cir. 1978); *In re Quinn*, 525 F.2d 222, 223 (1st Cir. 1975); *Hemphill v. Moseley*, 443 F.2d 322 (10th Cir. 1971). *See United States v. Schmucker-Bula*, 609 F.2d 399, 402 (7th Cir. 1980). In the broadest sense, therefore, jurisdiction is always the predicate, not an element, of every offense.

The majority relies solely, and in my thinking unjustifiably, on *United States v. Mazurie*, 487 F.2d 14 (10th Cir. 1973). That case found determination of a situs as a non-Indian community to be an element of the offense to be proved beyond a reasonable doubt. The court held that the statute was unconstitutionally vague because the term "non-Indian community" was not sufficiently precise. The Supreme Court reversed, finding that the statute was not

unconstitutionally vague and holding that the land at issue was not a non-Indian community. *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975). The Supreme Court did not reach the issue whether the government or the defendant had the burden of proof with respect to this issue. *Id.* at 550 n.9, 95 S.Ct. at 714 n.9.

In our case, the proposed opinion's finding that this issue must be proved beyond a reasonable doubt means that different juries might reach different conclusions with respect to the same tract of land. This possibility would appear to make the statute unconstitutionally vague, thereby conflicting with the Supreme Court's contrary determination.

The view that status as a non-Indian community is an issue of law is directly supported by *United States v. Morgan*:

> This court, in reviewing the characteristics presented in this case to the district court in regard to the status of appellant's localities, is actually reviewing a legal conclusion made by the court, namely, whether or not such surroundings can be termed a non-Indian community, or part of same, under the federal statute employing such term as an exception.

614 F.2d 166, 170 (8th Cir. 1980). This case has never been overturned and in my view accords this issue the proper treatment.

Involved here is essentially a territorial determination (Indian country as defined in 18 U.S.C. § 1156). In *United States v. Jones*, 480 F.2d 1135 (2d Cir. 1973), the Second Circuit held that the characteristics of an area of land the alleged situs of a crime is a question of law. Whether defendant's challenged acts were performed within that area is a question for the trier of fact. *Id.* at 1138. The court stated:

> Counsel have not cited, nor have we found, a case where it has been contended that the question of acceptance of jurisdiction or the location of territorial boundaries should be determined by a jury. There are many cases in which it is clear that these questions have been determined by the court.

---

\* The same generality of prohibition, with the same words of exclusion appear in § 1154 relating to sale, etc., of intoxicating liquors. See also § 1161.

*Id.* Similarly, the opinion in this case cites no authority, except the Tenth Circuit's vacated decision in *Mazurie,* in contradiction.

Finally, the instant case simply is an inappropriate vehicle in which to address this subject. The issue does not arise out of a jury trial in which the judge took it away from the jury, but was the court's finding in a bench trial. The judge made no *special* finding that the prosecution had proved this "element" of the offense beyond a reasonable doubt; but under Rule 23(c) of the Federal Rules of Criminal Procedure, no special finding was required unless requested. *United States v. Pace,* 454 F.2d 351, 356 n.6 (9th Cir. 1972). Any reliance on *United States v. Mazurie, supra,* 487 F.2d 14, is misplaced. In that case the Tenth Circuit found that the district judge *could not have found* that this purported element of the offense had been proved beyond a reasonable doubt because the term "non-Indian community" was unconstitutionally vague. *See United States v. Mazurie, supra,* 419 U.S. at 549, 95 S.Ct. at 710. In this case the majority does not and cannot say that the district judge *could not have found* beyond a reasonable doubt that the situs was not a "non-Indian community."

I would affirm the conviction.