# FILED

**NOT FOR PUBLICATION**

SEP 25 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>WILSON TSOSIE,<br><br>    Defendant-Appellant. | No. 12-10624<br><br>D.C. No. 3:11-cr-08130-GMS-1<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted September 1, 2017
Pasadena, California

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

Wilson Tsosie appeals his criminal conviction under the Major Crimes Act, 18 U.S.C. § 1153, for the sexual assault on his mother-in-law. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's ruling de novo. *Deere v. Cullen*, 718 F.3d 1124, 1144 (9th Cir. 2013).

The district court did not err by finding admission of the unauthenticated certificate of Indian blood to be harmless error. To determine harmless error we consider "what the jury actually would have done without the error" and "whether the error had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Bruce*, 394 F.3d 1215, 1229 (9th Cir. 2005) (internal quotations and citation omitted). Aside from the certificate, there was strong and uncontradicted evidence presented as to Tsosie's Indian blood. Tsosie's wife provided testimony of Tsosie's enrollment in the Navajo Nation, his possession of an adequate quantum of Indian blood, and his participation in unique Navajo Nation ceremonies. There was additional evidence of Tsosie's Indian status,

---

[**] The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

2

including his brother's testimony that Tsosie had lived on the reservation his entire life, and Tsosie's use of a Navajo interpreter throughout the trial. The cumulative evidence rendered any effect of the unauthenticated certificate of Indian blood harmless.

The district court did not err in denying Tsosie's motion for judgment of acquittal due to lack of jurisdiction. Tsosie was prosecuted pursuant to the Major Crimes Act, 18 U.S.C. § 1153(a), which authorizes federal prosecution over certain offenses committed "within the Indian country." "Indian country" is defined by 18 U.S.C. § 1151 to include "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." The victim testified that the sexual assault occurred at the sheep camp, which was sufficient evidence for the jurors to reasonably conclude that the government had proved the locus of the offense beyond a reasonable doubt. *See United States v. Gipe*, 672 F.2d 777, 779 (9th Cir. 1982) (holding that the "locus of the offense within that area is an issue for the trier of fact"). The court could conclude as a matter of law that the sheep camp was part of the Navajo Reservation ("Reservation"). *See id.* (holding that the "the existence of federal jurisdiction over the geographic area" is a matter of law for the court to determine.). The victim testified that the sheep camp where the assault occurred was located between 10 and 15 miles from Pinon, Arizona. An

investigator who worked in law enforcement for the Navajo Nation testified that Pinon is within the boundaries of the Reservation. Review of a map of the Reservation shows Pinon to be more than 15 miles from a Reservation boundary in every direction. We have held that a judge may take judicial notice of a map of territorial boundaries to establish the jurisdictional element of a federal offense. *See United States v. Coutchavlis*, 260 F.3d 1149, 1153-54 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)). The victim's testimony as to the location of the sheep camp, combined with a map illustrating the Reservation's boundaries, sufficiently supports the court's finding as to this jurisdictional element.

The government concedes the jury instructions were inadequate because they failed to set forth the two-pronged test under *United States v. Bruce*, 394 F.3d 1215 (9th Cir. 2005), for determining whether a defendant is an "Indian" within the meaning of § 1153. *See United States v. Zepeda*, 792 F.3d 1103, 1115 (9th Cir. 2015) (en banc). However, given the evidence as to Tsosie's Indian status, this error was harmless.

Tsosie's *Miranda* waiver was valid. A written advisement is adequate so long as the suspect can read and understand it. *Bell v. United States*, 382 F.2d 985, 987 (9th Cir. 1967). Tsosie was able to read the written *Miranda* warnings out loud, and he signed a written waiver.

4

The district court did not err by admitting Tsosie's statements made after he signed the *Miranda* waiver. This court has distinguished affirmative requests for an attorney from mere questions about the right to an attorney, with only the former constituting an invocation of one's right to counsel. Here, as in *United States v. Younger*, 398 F.3d 1179, 1187 (9th Cir. 2005), Tsosie asked about his right to counsel when he said, "I have the lawyer or something?" This is distinctly different from the request, "Can I get an attorney right now, man?" followed by two more questions about the immediate availability of an attorney, as in *Alvarez v. Gomez*, 185 F.3d 995, 998 (9th Cir. 1999).

The district court did not fail to consider sanctions for discovery violations. At trial, in response to the Government's failure to properly notice expert testimony by the victim's treating physician, the district court limited the dotor's testimony to that of a lay witness. The district court thus, in effect, did sanction the Government.

The district court did not err by applying a vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b). Although neither the victim's age nor the remote location in which the offense occurred made her a vulnerable victim *per se*, the trial court's factual finding that the victim was particularly susceptible to being

physically overpowered by Tsosie due to the combination of these two factors was reasonable.

The district court did not plainly err by failing to explain its decision to impose a lifetime term of supervised release, and the sentence was not unreasonable. The district court did not distinguish between the custodial and supervised release portions of Tsosie's term in sentencing. However, the court did offer an adequate explanation of its decision to impose a custodial sentence of less than the statutory maximum and a maximum statutory term for supervised release. The district court did not sentence Tsosie to the maximum so that he could have a relationship with his children. This mitigating concern is irrelevant in determining the appropriate term of supervised release, and a lifetime term is within the statutory range set forth for Tsosie's offense.

**AFFIRMED.**