**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50004 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:15-cr-00532-SVW-2 |
| CIARAN PAUL REDMOND, AKA Irish, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 30, 2018
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Ciaran Redmond appeals his convictions for assault with intent to commit

murder, assault with a dangerous weapon, and assault resulting in serious bodily

injury.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Redmond argues the government did not provide sufficient evidence to show the assault occurred within the "special maritime and territorial jurisdiction" of the United States, as required by 18 U.S.C. § 7. Redmond failed to raise this claim below, and thus we review "to prevent a manifest miscarriage of justice, or for plain error." *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). This standard applies despite the fact that Redmond is challenging jurisdiction. *United States v. Cruz*, 554 F.3d 840, 843–44 (9th Cir. 2009). We do not need to address Redmond's sufficiency of the evidence claim, however, because we can and do take judicial notice that the United States Penitentiary USP at Victorville ("USP Victorville") is within the special maritime and territorial jurisdiction of the United States. *United States v. Smith*, 282 F.3d 758, 767 (9th Cir. 2002); *United States v. Gipe*, 672 F.2d 777, 779 (9th Cir. 1982); Fed. R. Evid. 201(b)(2), (d). The government provided evidence from sources whose accuracy cannot reasonably be questioned establishing that California conveyed and the United States accepted 1,912 acres of land in 1944. In 1999, the United States retroceded the land to California, except for 933.89 acres, over which it specifically retained jurisdiction to build USP Victorville. Therefore, the United

2

States has special maritime and territorial jurisdiction over USP Victorville as required by 18 U.S.C. § 7 and 40 U.S.C. § 3112.[1]

2. Redmond argues that the district court erred by instructing the jury that it must find he acted with the "intent to kill" for the assault with intent to commit murder charge. He also argues the court erred in instructing the jury that the "[u]se of force is justified when a person reasonably believes that it is necessary." "When the defendant himself proposes the jury instruction he later attacks on appeal, review is denied under the 'invited error' doctrine." *United States v. Guthrie*, 931 F.2d 564, 567 (9th Cir. 1991). Redmond jointly proposed these instructions and cannot now challenge them on appeal. *United States v. Cain*, 130 F.3d 381, 383 (9th Cir. 1997); *see also United States v. Hui Hsiung*, 778 F.3d 738, 747 (9th Cir. 2015).

3. Redmond argues that the district court erred in ordering consecutive sentences for one course of assault. We review the interpretation of a statute and the imposition of consecutive sentences *de novo*. *United States v. Cabaccang*, 332 F.3d 622, 624–25 (9th Cir. 2003); *United States v. Sonners*, 202 F.3d 280 (9th Cir. 1999). To determine whether a court may impose consecutive sentences, we apply

---

[1] The government's motion to take judicial notice of special maritime and territorial jurisdiction, Dkt. No. 27, is therefore denied as moot.

3

the test in *Albernaz v. United States*, 450 U.S. 333 (1981).  *See United States v. Duron*, 21 F.3d 1116 (9th Cir. 1994).  Under *Albernaz*, we first determine whether "each provision requires proof of a fact which the other does not" under *Blockburger*, which creates a presumption that multiple punishments are permissible.  *Albernaz*, 450 U.S. at 339–40; *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Second, we consider whether legislative history evidences a meaning contrary to the *Blockburger* presumption.  *Albernaz*, 450 U.S. at 341–42.  Third, we determine whether, in the absence of congressional intent, there is an ambiguity in the statute, and thus we should apply the rules of statutory construction.  *Id.* at 342–43; *see Barber v. Thomas*, 560 U.S. 474, 488 (2010).  Assault with intent to commit murder, assault with a deadly weapon, and assault resulting in serious bodily injury each require proof of a fact that the others do not, creating a presumption that consecutive sentences are permissible.  8 U.S.C. § 113(a)(1), (3), (6).  The statute is not ambiguous, and there is no evidence of a contrary meaning.

      **AFFIRMED.**

*United States v. Redmond*, No. 17-50004

Ikuta, J., dissenting

The government provided a copy of a letter dated August 16, 1944, from the United States War Department to the Governor of California, stating that the United States "accepts exclusive jurisdiction over all land acquired by it for military purposes within the State of California, title to which [illegible] in the United States and over which exclusive jurisdiction has not heretofore been obtained." The other documents presented by the United States, however, fail to establish that the land underlying USP Victorville was part of this general acceptance of jurisdiction. Therefore, we lack authority to take judicial notice that USP Victorville is within the special territorial and maritime jurisdiction of the United States. *See* Fed. R. Evid. 201(b)(2). Because the government has failed to satisfy the jurisdictional element of the offense of conviction, I would vacate the conviction.